■ BEVERAGE DISTRIBUTORS OF NEVADA, INC., Respondent, v SCHENLEY INDUSTRIES, INC., Appellant.—Order of the Supreme Court, New York County (Harold Baer, Jr., J.), entered on October 17, 1988, which denied defendant Schenley Industries, Inc.'s motion to vacate a default judgment entered June 10, 1988, is unanimously reversed, on the law and facts and in the exercise of discretion, without costs or disbursements, and the motion granted on condition defendant pay plaintiff $1,000. In the event the $1,000 is not paid within 30 days, the order is affirmed, without costs and without disbursements.

Appeal from the judgment of the Supreme Court, New York County (Harold Baer, Jr., J.), entered June 10, 1988, which granted the plaintiff's motion for a default judgment and made an assessment of damages against the defendant, is dismissed as nonappealable, without costs.

Defendant Schenley, which is incorporated in Delaware and licensed to do business in New York, previously maintained its corporate headquarters on Seventh Avenue in Manhattan. This was the address given to the Secretary of State for the delivery of process. Schenley thereafter relocated its corporate offices to Dallas in 1984 and, while only certain of its offices remained at Seventh Avenue, it failed, through oversight, to amend the mailing address used by the Secretary of State.

Consequently, when this action was begun by the service of a summons and complaint through the Secretary of State, these documents were returned as undeliverable by the post office. Subsequently, plaintiff moved for and obtained a default judgment.

After Schenley learned of this action, it moved to vacate the default pursuant to CPLR 317 and 5015. The IAS court denied this motion.

While a portion of defendant's offices continued to remain in New York, it is clear that the main branches had been moved and that defendant did not receive actual notice of this action. Schenley, therefore, demonstrated a reasonable excuse for its delay in appearing and answering the complaint. In addition, it submitted an affidavit from the chairman of its parent corporation which directly refuted the claims of plaintiff and thereby presented a meritorious defense to the action. Accordingly, the IAS court abused its discretion in not granting vacatur pursuant to either CPLR 317 or 5015 (a) *(see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138).

Since, however, the delay was occasioned by defendant's failure to keep its mailing address for service of process current, we have conditioned the grant of its motion to vacate upon the payment by it of $1,000 to the plaintiff. Concur—Kupferman, J. P., Carro, Asch, Rosenberger and Smith, JJ.