■ MOSHE HALALI, Respondent, v SAM GABBAY et al., Defendants, and SOUND WAVE ELECTRONICS CORP. et al., Appellants. [636 NYS2d 838] —In an action to foreclose a mortgage, the defendants Sound Wave Electronics Corp. and Electrowave International Ltd. appeal from an order of the Supreme Court, Kings County (I. Aronin, J.), dated May 24, 1994, which denied their motion to vacate a judgment of foreclosure and sale of the same court dated January 7, 1994.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the appellants by service of a summons and complaint upon the Secretary of State pursuant to Business Corporation Law § 306. The plaintiff subsequently obtained a judgment of foreclosure and sale against the appellants upon their default in answering the complaint. The appellants now seek vacatur of the judgment of foreclosure and sale, claiming that they never received a copy of the summons and complaint from the Secretary of State.

It is uncontroverted that the appellants did not receive notice of the summons and complaint in time to defend the action. However, we conclude that the appellants have failed to allege facts sufficient to demonstrate a meritorious defense to

the plaintiff's foreclosure action as required by CPLR 317 (*see generally, Eugene DiLorenzo, Inc. v Dutton Lbr. Co.*, 67 NY2d 138; *Tonawanda Tank Transp. Serv. v Envirosure Mgt. Corp.*, 179 AD2d 1014; *Henniger v L.B.X. Excavating*, 176 AD2d 917; *Epstein v Abalene Pest Control Serv.*, 98 AD2d 832). Thus, the Supreme Court properly determined that the appellants are not entitled to vacatur of the judgment of foreclosure and sale dated January 7, 1994. Bracken, J. P., Altman, Hart and Goldstein, JJ., concur.