(May 13, 1997)

■ MICHAEL PEACOCK, Appellant, v PETER S. KALIKOW et al., Respondents. [658 NYS2d 7] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on February 16, 1996, which granted defendant R&J Construction Corporation's motion to vacate the default judgment against it, unanimously reversed, on the law and the facts, without costs, and the default judgment reinstated. The Clerk is directed to enter judgment accordingly.

Plaintiff alleges that he was injured while working at a construction site when "carelessly, recklessly and/or negligently" placed boards of sheetrock fell on him. He brought a personal injury action against numerous parties, including R&J Construction Corporation ("R&J"), one of the site contractors. The action against R&J was commenced by serving the Secretary of State with two copies of the summons and complaint. Plaintiff's counsel also mailed a copy of the summons and complaint to R&J, along with an affidavit of service on the

Secretary of State. Defendant claims that none of these papers noted its correct business address and that it never received notice of the action. In any event, no answer was submitted, and in July 1994, a year after the action was commenced, the then-assigned IAS Court granted plaintiff a default judgment against R&J.

R&J contends that the first notice it ever received concerning the action was notice of the default judgment in August 1994, whereupon it sent the papers to its insurance broker. According to R&J, the broker failed to forward the papers to the insurance carrier, and, therefore, nothing was done with respect to the matter.

Indeed, it was not until sixteen months later, in December 1995, that defendant moved to vacate the default judgment. In support of its motion, two affidavits were submitted by R&J's controller. These affidavits offered explanations for both periods of delay, i.e., the delay in defending the action and the delay in moving to vacate the default judgment. In both, the controller asserted that R&J had a meritorious defense to the action. The first affidavit stated that R&J was "unconnected with plaintiff" and that it had "no dealings with plaintiff nor did it owe or breach any obligation to plaintiff." The second stated that R&J "is by no means liable to plaintiff in the instant action, either for negligent or intentional acts. R&J has no connection whatsoever to plaintiff, owed no duty to plaintiff, and in fact, has no independent knowledge of plaintiff's claim." These were the sole allegations of a meritorious defense. The subsequently assigned IAS Court concluded that this defense, which it termed " 'no dealing,' " was "flimsy but barely qualifies" and therefore granted defendant's motion to vacate the default judgment.

A party may move to vacate a default judgment against it under CPLR 317 or 5015. Even where the moving party cites only one statutory provision, the reviewing court may consider whether application of either statute would warrant the relief requested (*Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.*, 67 NY2d 138, 142-143). While it is unclear under which statute defendant's motion was made, both statutes require that, in order to prevail, the movant must demonstrate that it has a meritorious defense to the action. Even where it is uncontroverted that defendant did not receive notice of the summons and complaint in time to defend the action, as defendant claims here, the failure to adequately demonstrate a meritorious defense will be fatal to defendant's motion to vacate (*Halali v Gabbay*, 223 AD2d 623). Because defendant has failed in this respect, we reverse and reinstate the default judgment.

In order to demonstrate a meritorious defense, a party must submit an affidavit from an individual with knowledge of the facts (see, e.g., *Mitchell v Mid-Hudson Med. Assocs.*, 213 AD2d 932; *Hunter v Enquirer/Star, Inc.*, 210 AD2d 32, 33; *Beverage Distribs. v Schenley Indus.*, 155 AD2d 356). The affidavit submitted from such individual must make sufficient factual allegations; it must do more than merely make conclusory allegations or "vague assertion[s]" (*National Recovery Sys. v Weiss*, 226 AD2d 289, 290; *Halali v Gabbay, supra*). For example, on a plaintiff's claim that defendant's negligent work caused property damage, defendant's affidavit was sufficient to demonstrate a meritorious defense where, having conducted an investigation, defendant could set forth specific facts to the effect that its employees were not working at the site at the time in question (*Tiger v Town of Bolton*, 150 AD2d 889, 891).

In contrast, the affidavit submitted by R&J was made by a party who does not assert the basis of his knowledge and was no more than a general disclaimer of any knowledge of or relationship with plaintiff. Such a disclaimer is not responsive to plaintiff's claim, and clearly fails to directly refute or specifically address the allegations in the complaint (see, *Mitchell v Mid-Hudson Med. Assocs., supra*; *Beverage Distribs. v Schenley Indus., supra*). Accordingly, it was error to grant the motion. Concur—Murphy, P. J., Sullivan, Milonas and Tom, JJ.