■ HANNAH DANIELS, Appellant, v DAHLIA HOWELL, Respondent. [780 NYS2d 371]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Dye, J.), dated December 20, 2002, which denied her motion to vacate a prior order of the same court dated October 2, 2001, granting the defendant's motion for summary judgment dismissing the complaint upon her default in opposing the motion, and (2) an order of the same court dated July 7, 2003, which denied her motion, in effect, for leave to reargue upon the ground that the order dated December 20, 2002, denying her motion to vacate, conflicted with an order of the same court dated April 25, 2002, granting her motion to vacate.

Ordered that the appeal from the order dated July 7, 2003, is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order dated December 20, 2002, is reversed, on the law, the order dated April 25, 2002, is vacated, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the plaintiff's motion to vacate the order dated October 2, 2001; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In the fall of 2001, the defendant moved for summary judgment dismissing the complaint upon the ground that the plaintiff did not sustain a serious physical injury within the meaning of Insurance Law § 5102. The plaintiff did not oppose the motion, and by order dated October 2, 2001, the Supreme Court granted the motion on default. Shortly thereafter, the plaintiff moved to vacate the October 2, 2001, order, and for additional time to submit papers in opposition to the summary judgment motion. In an order dated April 25, 2002, the Supreme Court granted the plaintiff's motion to vacate, noting that she had provided a reasonable excuse for her failure to oppose the

summary judgment motion, and had submitted an affidavit establishing the merit of her claim. The Supreme Court also granted both parties additional time to submit papers on the summary judgment motion, and scheduled the motion for submission on May 28, 2002. According to the plaintiff, both parties then submitted additional papers addressing the merits of the defendant's summary judgment motion.

About six months later, on December 20, 2002, the Supreme Court issued an order in which it described the motion submitted on May 28, 2002, as a motion to vacate the prior order which had granted the defendant summary judgment on default, and for additional time to submit papers in opposition to summary judgment. After describing the nature of the motion, the Supreme Court stated, without elaboration, "this motion is denied in its entirety." Since it appeared that the Supreme Court had issued conflicting rulings on the plaintiff's motion to vacate the order granting the defendant summary judgment on default, the plaintiff moved, in effect, for leave to reargue. However, the Supreme Court denied the motion for leave to reargue, and offered no explanation for the apparent conflict between its orders of April 25, 2002, and December 20, 2002.

On appeal, the plaintiff contends that the Supreme Court erred in reconsidering its determination of her motion to vacate the order granting the defendant summary judgment on default. However, "[e]very court retains a continuing jurisdiction generally to reconsider any prior intermediate determination it has made" during the pendency of an action (*Aridas v Caserta,* 41 NY2d 1059, 1061 [1977]; *see Liss v Trans Auto Sys.,* 68 NY2d 15 [1986]; *Matter of Budihas v Board of Educ. of City of N.Y.,* 285 AD2d 549 [2001]; *Matter of Burns,* 228 AD2d 674 [1996]). Although the Supreme Court thus possessed the authority to reconsider its April 25, 2002, order granting the plaintiff's motion to vacate, there is nothing in the December 20, 2002, order to indicate that the denial of the motion to vacate was actually an exercise of this authority, rather than an administrative error. Since we are unable to determine the Supreme Court's intent, we reverse the December 20, 2002, order which denied the plaintiff's motion to vacate the order granting the defendant summary judgment on default, vacate the order dated April 25, 2002, which granted the same motion, and remit the matter to the Supreme Court, Queens County, for a new determination of the motion to vacate. Florio, J.P., Krausman, Townes, Mastro and Fisher, JJ., concur.