■ NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS, as Assignee of Gregory Chavez, Appellant, v INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Respondent. [791 NYS2d 145]—

In an action to recover no-fault medical payments, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated July 26, 2004, as granted that branch of the defendant's cross motion which was to vacate a judgment of the same court entered February 24, 2004, upon its failure to appear or answer, and for leave to serve a late answer.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the cross motion which was to vacate the judgment is denied, and the judgment is reinstated.

The defendant moved to vacate the default judgment against it pursuant to both CPLR 317 and 5015 (a) (1). Under either statute, the defendant was required to demonstrate that it had a meritorious defense to the action (*see Peacock v Kalikow,* 239 AD2d 188 [1997]). The defendant failed to submit a proposed answer and failed to set forth facts from an individual with personal knowledge sufficient to demonstrate a meritorious defense. The defendant neither paid nor denied the plaintiff's claims for no-fault benefits within the 30-day period prescribed by Insurance Law § 5106 (a) and 11 NYCRR 65.15 (g) (3), and failed to request verification within the prescribed time frames (*see* 11 NYCRR 65.15 [d] [1], [2]). Furthermore, the affidavit submitted by the defendant was insufficient to demonstrate that the injuries for which the insured was treated did not arise out of an insured incident (*see Santiago v Sansue Realty Corp.,* 243 AD2d 622, 623 [1997]; *Peacock v Kalikow, supra* at 189-190; *Halali v Gabbay,* 223 AD2d 623 [1996]). Under these circumstances, the defendant is precluded from disclaiming coverage (*see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.,* 90 NY2d 274, 283-285 [1997]; *New York Hosp. Med. Ctr. of Queens v Motor Veh. Acc. Indem. Corp.,* 12 AD3d 429, 430 [2004]; *lv denied* 4 NY3d 705 [2005]; *cf. Central Gen. Hosp. v Chubb Group of Ins. Cos.,* 90 NY2d 195, 202 [1997]) and that branch of its cross motion which was to vacate a judgment entered upon its failure to appear or answer and for leave to serve a late answer should have been denied (*see Presbyterian Hosp. in City of N.Y. v New York Cent. Mut. Ins. Co.,* 277 AD2d 299, 300 [2000]).

It is unnecessary to consider whether the defendant established a reasonable excuse for its default (*see* CPLR 5015 [a] [1]) or that it did not receive the summons in time to defend (*see* CPLR 317). We note that the defendant never revealed when it received the summons and complaint. Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.