█ LILLIAN RAMIREZ et al., Appellants, v PAUL RAO et al., Defendants, and DELROY KENWOOD et al., Respondents. [805 NYS2d 569]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (M. Garson, J.), dated October 14, 2004, which granted the motion of the defendants Delroy Kenwood and Pauline Spooner to vacate so much of an order of the same court dated February 13, 2004, as granted that branch of the plaintiffs' motion which was for leave to enter a judgment against those defendants upon their default in appearing or answering the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the order dated February 13, 2004, is reinstated.

To be relieved of their default in appearing or answering the complaint, the defendants Delroy Kenwood and Pauline Spooner (hereinafter the defendants) were required to present a reasonable excuse and a meritorious defense (*see* CPLR 5015 [a] [1]). In light of, inter alia, the disclaimer letter of Allstate Insurance Company dated June 14, 2002, and the plaintiffs' motion for leave to enter judgment against the defendants upon their default in appearing or answering, the defendants failed to demonstrate a reasonable excuse for their delay of more than one year in seeking to interpose an answer (*see Thompson v Steuben Realty Corp.*, 18 AD3d 864, 865 [2005]; *Robinson v 1068 Flatbush Realty, Inc.*, 10 AD3d 716, 716-717 [2004]; *compare Seccombe v Serafina Rest. Corp.*, 2 AD3d 516 [2003]; *Perez v Linshar Realty Corp.*, 259 AD2d 532, 533 [1999]). Under the circumstances, the Supreme Court should have denied the defendants' motion to vacate their default. Cozier, J.P., Santucci, Luciano, Fisher and Covello, JJ., concur.