■ RAFAEL ROSARIO et al., Respondents, v BEVERLY ROAD REALTY COMPANY et al., Appellants, et al., Defendant. [833 NYS2d 166]—

In an action to recover damages for personal injuries, etc., the defendants Beverly Road Realty Company and Sheldrake Management, Inc., appeal from an order of the Supreme Court, Kings County (Bunyan, J.), dated January 3, 2006, which, without a hearing, denied their motion pursuant to CPLR 5015 (a) (1) and (4) to vacate their default in appearing and answering the complaint.

Ordered that the order is affirmed, with costs.

The affidavits of the process servers constituted prima facie evidence of proper service upon the defendant Beverly Road Realty Company (hereinafter Beverly Road Realty) pursuant to CPLR 310 (c) and upon the defendant Sheldrake Management, Inc. (hereinafter Sheldrake Management), pursuant to Business Corporation Law § 306 (b). The unsubstantiated denials of service of the summons and complaint by Leib Puretz, a partner of Beverly Road Realty and an officer of Sheldrake Management, were insufficient to rebut the prima facie showing (*see General Motors Acceptance Corp. v Grade A Auto Body, Inc.*, 21 AD3d 447 [2005]; *Household Fin. Realty Corp. of N.Y. v Brown*, 13 AD3d 340 [2004]; *Carrenard v Mass*, 11 AD3d 501 [2004]). Accordingly, that branch of the motion of Beverly Road Realty and Sheldrake Management (hereinafter collectively the appellants) which was pursuant to CPLR 5015 (a) (4) to vacate their default in appearing and answering the complaint was properly denied without a hearing (*see 96 Pierrepont v Mauro*, 304 AD2d 631 [2003]).

Furthermore, in light of the disclaimer letters from the appellants' insurance carriers, the appellants failed to demonstrate a reasonable excuse for their delay of about six years in seeking to interpose an answer (*see Ramirez v Rao*, 23 AD3d 447 [2005]; *Thompson v Steuben Realty Corp.*, 18 AD3d 864, 865 [2005]; *Robinson v 1068 Flatbush Realty, Inc.*, 10 AD3d 716, 716-717 [2004]). Accordingly, the court also properly denied that branch of the appellants' motion which was pursuant to CPLR 5015 (a) (1) to vacate their default in appearing and answering the complaint (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*,

67 NY2d 138, 141 [1986]; *Gray v B. R. Trucking Co.,* 59 NY2d 649, 650 [1983]). Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.