■ LORI GARCEA, as Parent and Natural Guardian of DANIELLE KASINOWSKI, Respondent, v ALLEN M. BATTISTA et al., Defendants, and MARK D. RIVOLI et al., Appellants. (Appeal No. 1.) [863 NYS2d 311]—

Appeal from an order of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered June 7, 2006 in a personal injury action. The order denied the motion of defendants Mark D. Rivoli, Michael B. Rivoli, and The Gates Pub, Inc. to vacate an order of default judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover damages for injuries sustained by her daughter while she was a passenger in a vehicle allegedly owned by Roseanna Battista, registered to Remo A. Battista, and driven by Allen M. Battista (collectively, Battista defendants). Plaintiff's daughter was injured when the vehicle left the roadway and collided with two buildings. Also named as defendants in the action were Mark D. Rivoli, Michael B. Rivoli, and The Gates Pub, Inc. (Gates Pub), a tavern owned by Michael B. Rivoli (collectively, defendants). After defendants failed to respond to plaintiff's discovery demands, plaintiff moved to compel compliance, and defendants consented to an order dismissing their answer unless they served responses to plaintiff's demands within 30 days. Defendants failed to respond to the demands, and thus their answer was deemed stricken.

By the order in appeal No. 1, Supreme Court, inter alia, denied defendants' motion to vacate the "order of default judgment" based on law office failure, pursuant to CPLR 5015 (a) (1). By the order in appeal No. 2, the court denied that part of the motion of defendants for leave to renew their prior motion, although it was not so described by defendants, and also denied the remainder of the motion seeking to dismiss the amended complaint against Gates Pub for lack of personal jurisdiction pursuant to CPLR 3211 (a) (8). By the order in appeal No. 3, the court granted in part and denied in part plaintiff's motion and defendants' cross motion concerning the setoff provisions of General Obligations Law § 15-108 (a), predicated on the settlement of the action between plaintiff and the Battista defendants.

We conclude with respect to appeal No. 1 that the court properly denied defendants' motion pursuant to CPLR 5015 (a) (1). Even assuming, arguendo, that defendants established a reasonable excuse for their default based on law office failure, we conclude that denial was nonetheless required based on their failure to "set forth facts from an individual with personal knowledge sufficient to demonstrate a meritorious defense" (*New York Hosp. Med. Ctr. of Queens v Insurance Co. of State of Pa.*, 16 AD3d 391, 392 [2005]).

We conclude with respect to appeal No. 2 that the court properly denied that part of defendants' motion seeking leave to renew the prior motion pursuant to CPLR 5015 (a) (1). Defendants sought the same relief sought in their prior motion and submitted new facts in support thereof, but those "new facts not offered on the prior motion . . . would [not] change the prior determination" (CPLR 2221 [e] [2]; *see Cole v North Am. Adm'rs, Inc.*, 11 AD3d 974, 975 [2004]; *see also McNerney v Fundalinski*, 48 AD3d 1256 [2008]). Contrary to defendants' contention, the court also properly denied that part of the motion seeking to dismiss the amended complaint against Gates Pub. According to defendants, plaintiff lacked personal jurisdiction over Gates Pub based on improper service of process against it (*see* CPLR 3211 [a] [8]), but they failed to seek dismissal of the complaint or the amended complaint against Gates Pub on that ground "within 60 days after having served an answer setting forth an objection to service and thus waived that objection" (*Woleben v Sutaria*, 34 AD3d 1295, 1296 [2006]).

Finally, we conclude with respect to the order in appeal No. 3 that the court properly granted plaintiff's motion with respect to General Obligations Law § 15-108 to the extent that it precluded defendants from litigating the issue of the comparative fault of the Battista defendants at the trial on damages as a means of reducing the amount of defendants' ultimate liability to plaintiff, inasmuch as the court's discovery sanction struck defendants' answer in its entirety. The court, however, properly granted the cross motion of defendants to the extent that it allowed them an offset pursuant to section 15-108 (a) in the amount of plaintiff's settlement with the Battista defendants (*see generally Whalen v Kawasaki Motors Corp., U.S.A.*, 92 NY2d 288, 292 [1998]; *Bonnot v Fishman*, 88 AD2d 650, 650-651 [1982], *affd* 57 NY2d 870 [1982]). Contrary to defendants' further contention, the court was not precluded from reconsidering the dicta on the issue of General Obligations Law § 15-108 set forth in a prior decision. In any event, even assuming, arguendo, that the prior decision on the issue of section 15-108 was

not dicta, we note that "every court retains continuing jurisdiction to reconsider its prior interlocutory orders during the pendency of the action" (*Liss v Trans Auto Sys.*, 68 NY2d 15, 20 [1986]; *see Aridas v Caserta*, 41 NY2d 1059, 1061 [1977]; *Daniels v Howell*, 9 AD3d 442, 443 [2004]). Present—Scudder, P.J., Hurlbutt, Centra, Fahey and Peradotto, JJ.