■ HAMLET ON OLDE OYSTER BAY HOMEOWNERS ASSOCIATION, INC., Respondent, v GLADYS ELLNER et al., Appellants. [869 NYS2d 591]—

The Supreme Court properly rejected the contention of the defendant Gladys Ellner that the plaintiff did not properly serve her with a copy of the order to show cause by which it initiated its motion, inter alia, for a preliminary injunction directing the defendants to permit it reasonable access to their condominium unit and associated structures. The plaintiff sought access in order to conduct an inspection to ascertain the existence, nature, and extent of any modifications or alternations which may have been made by the defendants to the garage and porch associated with their unit, in alleged violation of the plaintiff's condominium declaration and bylaws. The affidavits of the process server, which indicated that Gladys Ellner was simultaneously served with copies of the summons, complaint, order to show cause, and supporting papers, constituted prima facie evidence of proper service pursuant to CPLR 308 (2) (*see Mortgage Elec. Registration Sys., Inc. v Schotter,* 50 AD3d 983 [2008]; *Bankers*

*Trust Co. of Cal. v Tsoukas,* 303 AD2d 343, 343-344 [2003]), and the conclusory allegations to the contrary were insufficient to rebut the presumption of proper service (*see Mortgage Elec. Registration Sys., Inc. v Schotter,* 50 AD3d at 983; *Remington Invs. v Seiden,* 240 AD2d 647 [1997]). A court need not conduct a hearing to determine the validity of the service of process where the defendant fails to raise an issue of fact regarding service (*see Simmons First Natl. Bank v Mandracchia,* 248 AD2d 375 [1998]). Moreover, by asserting a counterclaim unrelated to the plaintiff's causes of action, the defendant Gladys Ellner took "affirmative advantage of the court's jurisdiction" and waived any personal jurisdictional defense that she may have had (*Textile Tech. Exch. v Davis,* 81 NY2d 56, 58-59 [1993]; *see GE Capital Mtge. Servs. v Mittelman,* 238 AD2d 471 [1997]).

The defendants' remaining contentions are without merit. Mastro, J.P., Miller, Balkin and McCarthy, JJ., concur.