■ BENEFICIAL HOMEOWNER SERVICE CORPORATION, Respondent, v POUCHER GIRAULT, Appellant, et al., Defendants. [875 NYS2d 815]—

In an action to foreclose a mortgage, the defendant Poucher Girault appeals from an order of the Supreme Court, Orange County (Slobod, A.J.), dated October 16, 2007, which denied his motion to vacate a final judgment of foreclosure and sale of the same court entered May 3, 2007, upon his default in answering the complaint.

Ordered that the order is affirmed, with costs.

The motion of the defendant Poucher Girault (hereinafter the defendant) to vacate the final judgment of foreclosure and sale was properly denied without a hearing. The affidavit of the process server constituted prima facie evidence of proper service pursuant to CPLR 308 (2) (*see Hamlet on Olde Oyster Bay Homeowners Assn., Inc. v Ellner*, 57 AD3d 732 [2008]; *Wells Fargo Bank, N.A. v McGloster*, 48 AD3d 457 [2008]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 343-344 [2003]), and the defendant's bare and unsubstantiated denial of receipt was insufficient to rebut the presumption of proper service created by the affidavit of service (*see 425 E. 26th St. Owners Corp. v Beaton*, 50 AD3d 845, 846 [2008]; *Rosario v Beverly Rd. Realty Co.*, 38 AD3d 875 [2007]; *Chemical Bank v Darnley*, 300 AD2d 613 [2002]; *Simmons First Natl. Bank v Mandracchia*, 248 AD2d 375 [1998]). "A court need not conduct a hearing to determine the validity of the service of process where the defendant fails to raise an issue of fact regarding service" (*Hamlet on Olde Oyster Bay Homeowners Assn., Inc. v Ellner*, 57 AD3d at 733).

Furthermore, the defendant failed to establish that he was entitled to vacatur of the final judgment of foreclosure and sale pursuant to CPLR 317 as the record is devoid of any evidence tending to show a meritorious defense (*see Green Point Sav. Bank v 794 Utica Ave. Realty Corp.*, 242 AD2d 602, 602-603 [1997]; *Halali v Gabbay*, 223 AD2d 623, 623-624 [1996]).

The defendant's remaining contentions are either improperly raised for the first time on appeal or without merit. Prudenti, P.J., Skelos, Dillon and Eng, JJ., concur.