■ Evanthia Valiotis, Respondent, v Antonios Psaroudis et al., Defendants, and Constantino Psaroudis, Appellant. [911 NYS2d 111]—

In an action, inter alia, to rescind a contract for the sale of a pushcart business, and to recover damages for fraudulent misrepresentation and breach of contract, the defendant Constantino Psaroudis appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), dated June 28, 2010, which granted the plaintiff's motion pursuant to CPLR 3215 for leave

to enter judgment against him upon his default in appearing or answering the complaint, and denied his cross motion for leave to serve a late answer.

Ordered that the order is affirmed, with costs.

The affidavit of the plaintiff's process server submitted in support of the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendant Constantino Psaroudis (hereinafter the defendant) constituted prima facie evidence of valid service upon the defendant pursuant to CPLR 308 (1) (*see Prospect Park Mgt., LLC v Beatty*, 73 AD3d 885, 886 [2010]; *Wieck v Halpern*, 255 AD2d 438 [1998]). In addition, the plaintiff submitted proof of the facts constituting the claim and the defendant's default (*see* CPLR 3215 [f]; *Trini Realty Corp. v Fulton Ctr. LLC*, 53 AD3d 479 [2008]; *599 Ralph Ave. Dev., LLC v 799 Sterling Inc.*, 34 AD3d 726 [2006]; *Lipp v Port Auth. of N.Y. & N.J.*, 34 AD3d 649, 650 [2006]).

In opposing the plaintiff's motion, the defendant was required to establish both a reasonable excuse for his default and a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Gray v B. R. Trucking Co.*, 59 NY2d 649, 650 [1983]; *Gross v Kail*, 70 AD3d 997, 998 [2010]; *Miller v Ateres Shlomo, LLC*, 49 AD3d 612, 613 [2008]; *Lipp v Port Auth. of N.Y. & N.J.*, 34 AD3d at 649). The defendant's bare and unsubstantiated denial of receipt of process was insufficient to rebut the presumption of proper service created by the affidavit of service (*see Sturino v Nino Tripicchio & Son Landscaping*, 65 AD3d 1327 [2009]; *Beneficial Homeowner Serv. Corp. v Girault*, 60 AD3d 984 [2009]; *Hamlet on Olde Oyster Bay Homeowners Assn., Inc. v Ellner*, 57 AD3d 732, 732-733 [2008]). Furthermore, the defendant's claim that he had a reasonable excuse for the default because he filed a bankruptcy petition on August 13, 2008 (*see Valiotis v Psaroudis*, 69 AD3d 610 [2010]), did not explain his failure to serve an answer before the March 31, 2008, deadline or to move to vacate his default during the 4 1/2 month period between March 31, 2008, and the date he filed for bankruptcy (*see Jefferson v Netusil*, 44 AD3d 621, 622 [2007]). Consequently, the Supreme Court properly found that the defendant failed to establish a reasonable excuse for his default. Likewise, the Supreme Court properly found that the defendant failed to establish that he had a potentially meritorious defense to the action (*see Beneficial Homeowner Serv. Corp. v Girault*, 60 AD3d at 985; *Reilly-Whiteman, Inc. v Cherry Hill Textiles*, 191 AD2d 486, 487 [1993]; *Lener v Club Med*, 168 AD2d 433, 435 [1990]; *Smith v Pope*, 72 AD2d 913 [1979]). Accord-

ingly, we find that the Supreme Court did not improvidently exercise its discretion in granting the plaintiff's motion for leave to enter a default judgment against the defendant, and in denying the defendant's cross motion for leave to serve a late answer. Fisher, J.P., Dillon, Balkin, Chambers and Sgroi, JJ., concur.