■ Dominick P. Vitale, Jr., as Executor of AnnaMae L. Vitale, Deceased, and as Assignee of Salvatore Mattina, et al., Appellants, v Midrox Insurance Company, Respondent. [910 NYS2d 748]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered December 3, 2009 in a breach of contract action. The order, insofar as appealed from, granted defendant an offset of $25,000.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action pursuant to Insurance Law § 3420 (a) (2) seeking, inter alia, to recover payment on a default judgment that they obtained against defendant's insured, Salvatore Mattina, in the underlying personal injury action. Plaintiffs contend that Supreme Court erred in denying in part their motion for partial summary judgment and in granting in part defendant's cross motion for summary judgment by reducing its liability by $25,000, the amount of the settlement paid by Latina-Niagara Importing Co., Inc. (Latina), a codefendant in the underlying action. We reject that contention. Although we agree with plaintiffs that defendant was not entitled to such an offset based on Mattina's "equitable share of the damages" under CPLR article 14 inasmuch as Mattina defaulted in the underlying action (General Obligations Law § 15-108 [a]; see generally Whalen v Kawasaki Motors Corp., U.S.A., 92 NY2d 288, 292 [1998]), the court properly "allowed . . . an offset pursuant to section 15-108 (a) in the amount of plaintiff[s'] settlement with [Latina]" (Garcea v Battista, 53 AD3d 1068, 1070 [2008]). Present—Smith, J.P., Fahey, Lindley, Sconiers and Gorski, JJ.