■ DEUTSCHE BANK NATIONAL TRUST COMPANY, Respondent, v FARHANA HUSSAIN, Appellant, et al., Defendants. [912 NYS2d 595]—

In an action to foreclose a mortgage, the defendant Farhana Hussain appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated April 15, 2009, as denied her motion, inter alia, to vacate a judgment of foreclosure and sale of the same court dated March 25, 2008, which was entered upon her default in answering the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the motion of the defendant Farhana Hussain (hereinafter the defendant) which was pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale. The affidavit of the process server constituted prima facie evidence of proper service pursuant to CPLR 308 (2) (*see Hamlet on Olde Oyster Bay Homeowners Assn., Inc. v Ellner*, 57 AD3d 732, 732 [2008]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 343-344 [2003]), and the defendant's bare and unsubstantiated denial of receipt was insufficient to rebut the presumption of proper service (*see Ben-*

*eficial Homeowner Serv. Corp. v Girault*, 60 AD3d 984, 984 [2009]; *Mortgage Elec. Registration Sys., Inc. v Schotter*, 50 AD3d 983, 983 [2008]; *Rosario v Beverly Rd. Realty Co.*, 38 AD3d 875, 875 [2007]). Moreover, the defendant's conclusory denial of service was insufficient to require a hearing to determine the validity of service of process (*see Hamlet on Olde Oyster Bay Homeowners Assn., Inc. v Ellner*, 57 AD3d at 732; *Simmons First Natl. Bank v Mandracchia*, 248 AD2d 375, 375 [1998]).

The defendant waived any argument that the plaintiff lacked standing to commence the foreclosure action. Having failed to interpose an answer or file a timely pre-answer motion asserting the defense of lack of standing pursuant to CPLR 3211 (e), the defendant waived that defense (*see Deutsche Bank Natl. Trust Co. v Young*, 66 AD3d 819 [2009]; *HSBC Bank, USA v Dammond*, 59 AD3d 679, 680 [2009]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 244 [2007]). Additionally, since the defendant failed to demonstrate any other potentially meritorious defense to the foreclosure action or a reasonable excuse for her failure to answer, the Supreme Court also properly denied that branch of the defendant's motion pursuant to CPLR 5015 (a) (1) which was to vacate the judgment of foreclosure and sale (*see Star Indus., Inc. v Innovative Beverages, Inc.*, 55 AD3d 903, 904 [2008]; *Hegarty v Ballee*, 18 AD3d 706, 707 [2005]). Mastro, J.P., Covello, Angiolillo and Lott, JJ., concur.