■ DEUTSCHE BANK NATIONAL TRUST COMPANY, Appellant, v ROSEMARIE T. DaCOSTA et al., Respondents, et al., Defendants. [949 NYS2d 393]—

In May 2005 the defendants Rosemarie T. DaCosta and Ryan

DaCosta (hereinafter together the DaCostas) executed an adjustable rate note to borrow the sum of $328,000 from Indymac Bank, FSB. The note was secured by a mortgage on the DaCostas' property located in Central Islip. The DaCostas allegedly defaulted in making the monthly installment payment due on March 1, 2007, and each monthly installment due thereafter. Pursuant to an assignment, Mortgage Electronic Registration Systems, Inc., as nominee for Indymac Bank, FSB, assigned the note and mortgage to the plaintiff. The plaintiff commenced this action against, among others, the DaCostas, to foreclose the mortgage.

The DaCostas did not answer, appear, or timely move to dismiss the complaint. In an order dated January 7, 2009, the Supreme Court granted the plaintiff's motion for the entry of a judgment of foreclosure and sale upon the DaCostas' default.

The DaCostas moved, inter alia, pursuant to CPLR 317 and 5015 (a) (3) and (4) to vacate the judgment of foreclosure and sale, and, in effect, pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against them. The Supreme Court granted those branches of the motion which were pursuant to CPLR 317, 5015 (a) (4), and, in effect, 3211 (a) (3). The plaintiff appeals.

To vacate a default pursuant to CPLR 317, a defendant who has not been served pursuant to CPLR 308 (1) does not have to establish a reasonable excuse for his or her default, but must show that he or she did not actually receive notice of the action in time to defend it, and must further show that he or she has a potentially meritorious defense (*see Wassertheil v Elburg, LLC*, 94 AD3d 753, 753 [2012]; *Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc.*, 83 AD3d 1080, 1081 [2011]). The mere denial of the receipt of the summons and complaint is insufficient to rebut the presumption of service established by a process server's affidavit (*see Wassertheil v Elburg, LLC*, 94 AD3d at 753; *Rockland Bakery, Inc. v B.M. Baking Co., Inc.*, 83 AD3d at 1081-1082; *Irwin Mtge. Corp. v Devis*, 72 AD3d 743 [2010]; *Beneficial Homeowner Serv. Corp. v Girault*, 60 AD3d 984, 984 [2009]; *Hamlet on Olde Oyster Bay Homeowners Assn., Inc. v Ellner*, 57 AD3d 732, 732 [2008]; *Mortgage Elec. Registration Sys., Inc. v Schotter*, 50 AD3d 983 [2008]). However, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit, and necessitates an evidentiary hearing (*see Wells Fargo Bank, N.A. v Christie*, 83 AD3d 824, 825 [2011]). Here, in light of the factual recitation in the DaCostas' sworn denial of service, the Supreme Court should have conducted a

hearing to determine whether service of process was properly effected.

Accordingly, we reverse the order insofar as appealed from, and remit the matter to the Supreme Court, Suffolk County, to conduct a hearing to determine whether service of process was properly effected upon the DaCostas, and for a new determination thereafter of those branches of the DaCostas' motion which were pursuant to CPLR 317 and 5015 (a) (4) to vacate the judgment of foreclosure and, in effect, pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against them.

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Mastro, A.P.J., Angiolillo, Austin and Sgroi, JJ., concur.