■ JP MORGAN MORTGAGE ACQUISITION CORP., Respondent, v JUDITH HAYLES, Appellant, et al., Defendants. [979 NYS2d 620]—

The plaintiff initiated this foreclosure action after the defendant Judith Hayles defaulted on her loan obligation. Upon granting the plaintiff's unopposed motion for summary judgment on the complaint, the Supreme Court entered a default judgment of foreclosure and sale. Hayles attempted to secure a loan modification, but when that effort failed the plaintiff proceeded with an auction of the subject property, and purchased the property at the auction. Hayles then moved, inter alia, pursuant to CPLR 5015 (a) to vacate the judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against her for lack of standing. The Supreme Court denied those branches of the motion.

Hayles contends that the action should be dismissed insofar as asserted against her for lack of standing because the plaintiff was not the holder of the underlying note and mortgage when it commenced the action (*see Homecomings Fin., LLC v Guldi*, 108 AD3d 506, 507 [2013]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]). The Supreme Court properly rejected this claim because Hayles waived it by failing to challenge the plaintiff's standing in her answer or in a pre-answer motion to dismiss (*see Deutsche Bank Natl. Trust Co. v Hussain*, 78 AD3d 989, 990 [2010]; *see also* CPLR 3211 [e]; *CitiMortgage, Inc. v Rosenthal*, 88 AD3d 759, 761 [2011]).

A defendant seeking to vacate a default pursuant to CPLR 5015 (a) (1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (*see Wells Fargo Bank v Malave*, 107 AD3d 880 [2013]). As Hayles failed to demonstrate any potentially meritorious defense to the foreclosure action or a reasonable excuse for her default in opposing the plaintiff's motion for summary judgment, the Supreme Court properly denied that branch of her motion which

was to vacate the judgment of foreclosure and sale pursuant to CPLR 5015 (a) (1) (*see Deutsche Bank Natl. Trust Co. v Hussain*, 78 AD3d at 990).

Furthermore, the Supreme Court properly denied those branches of Hayles' motion which were, in effect, pursuant to CPLR 5015 (a) (3) and (4) to vacate the judgment of foreclosure and sale. In this regard, the record contains no evidence of fraud or misrepresentation, and an alleged lack of standing is not a jurisdictional defect (*see U.S. Bank N.A. v Tate*, 102 AD3d 859, 860 [2013]; *Deutsche Bank Natl. Trust Co. v Hunter*, 100 AD3d 810, 811 [2012]).

Hayles' remaining contentions are without merit or are not properly before this Court. Dickerson, J.P., Hall, Cohen and Miller, JJ., concur.