## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  June 23, 2016                    521625
_____

CITIMORTGAGE, INC.,

               Respondent,

   v

SHELLY A. JAMESON, Also Known
   as SHELLY A. BRENENSTUHL,
   et al.,

               Appellants,
               et al.,
               Defendants.

_____

MEMORANDUM AND ORDER

Calendar Date:  April 21, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

_____

Susan J. Civic, Saratoga Springs, for appellants.

Akerman LLP, New York City (Jordan Smith of counsel), for respondent.

_____

McCarthy, J.P.

Appeal from an order of the Supreme Court (Crowell, J.), entered March 3, 2015 in Saratoga County, which, among other things, granted plaintiff's motion for a default judgment.

After defendants Shelly A. Jameson and Danny J. Jameson (hereinafter collectively referred to as defendants) defaulted on a note secured by a mortgage on real property, plaintiff commenced this foreclosure action, alleging that it was the holder of the note and mortgage.  Defendants failed to answer and then plaintiff moved for a default judgment.  Defendants cross-moved for, among other things, dismissal of the complaint

or, alternatively, an order permitting them to serve a proposed answer. Supreme Court granted plaintiff's motion and denied defendants' cross motion. Defendants now appeal, and we affirm.

In opposing a default judgment, defendants bore the burden of proving, among other things, that they had a meritorious defense (see Kostun v Gower, 61 AD3d 1307, 1307 [2009]; Drucker v Ward, 293 AD2d 891, 891 [2002]). It is well-settled law that this burden required defendants to put forth nonspeculative evidence that constitutes a prima facie defense (see Garcea v Battista, 53 AD3d 1068, 1070 [2008]; New York Hosp. Med. Ctr. of Queens v Insurance Co. of State of Pa., 16 AD3d 391, 392 [2005]; Peacock v Kalikow, 239 AD2d 188, 190 [1997]; Cooper v Badruddin, 192 AD2d 997, 997 [1993]; Matter of State of New York v Wiley, 117 AD2d 856, 498 [1986]).[1] As is relevant to defendants' alleged standing defense, a plaintiff lacks standing in a foreclosure action if it did not possess the note at the time of the commencement of the action (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015]).

Defendants failed to submit proof that could support a reasonable conclusion that plaintiff did not possess the note at the time of the commencement of the action so as to present a prima facie defense based on standing (compare Dodge v Commander, 18 AD3d 943, 946 [2005]).[2] Further, regardless of the merit of

---

[1] Defendants' contention that plaintiff had the burden of disproving that defendants had a meritorious standing defense is contrary to the law of the four Departments of the Appellate Division.

[2] Our dissenting colleague disagrees based on the fact that the note indorsed to plaintiff has an attached allonge, indorsed in blank and signed by plaintiff's representative. As we understand it, the dissent relies on the rule that such an indorsement in blank paired with the transfer of the note to a different entity would prove plaintiff's lack of possession of the note (see generally UCC 3-204 [2]). The problem, however, is that the dissent conflates the two parts of this rule; it treats proof of the indorsement in blank as proof of a transfer of the

defendants' contention that plaintiff violated the Fair Debt Collection Practices Act, such a violation invokes a borrower's rights to monetary damages but is not a defense to a mortgage foreclosure (see 15 USC § 1692k).  Thus, defendants failed to present proof sufficient to establish a prima facie defense (see Garcea v Battista, 53 AD3d at 1070).[3]  Accordingly, Supreme Court properly granted plaintiff's motion for a default judgment.

Egan Jr., Devine and Mulvey, JJ., concur.


Lynch, J. (dissenting).

I respectfully dissent.  In opposing plaintiff's motion for a default judgment through their cross motion, defendants Shelly A. Jameson and Danny J. Jameson (hereinafter collectively referred to as defendants) were required to show both a reasonable excuse for the default and a meritorious defense (see Kostun v Gower, 61 AD3d 1307, 1307 [2009]).  Since plaintiff has conceded that defendants' excuse was reasonable, the issue distills to whether defendants have demonstrated a meritorious defense.  The focus here is on defendants' claim that plaintiff

note to a different entity.  In contrast, we look for evidence that directly, or by way of reasonable inference, bears on the issue of possession of the note at the time of the commencement of the action.  On this point, nothing in the record contradicts the sworn statement of plaintiff's representative, Brittany Lipscome, that "[a]t the date of [the] commencement of this action[, plaintiff] was the holder of the note."

[3]  We recognize that the Second Department has squarely held that parties in defendants' position, having failed to make a pre-answer motion or to answer, have waived the defense of standing despite the fact that the they seek a renewed opportunity to answer (see Deutsche Bank Natl. Trust Co. v Hussain, 78 AD3d 989, 990 [2010]; HSBC Bank, USA v Dammond, 59 AD3d 679, 680 [2009]; see generally CPLR 3211 [e]).  However, we need not decide that issue given that, in any event, defendants failed to present a prima facie defense based on standing.

lacks standing.  Plaintiff maintains that, through their default, defendants have waived the standing defense and that, in any event, the record confirms that plaintiff has standing as the holder of the note.

As a threshold matter, I do not agree with plaintiffs that defendants waived their right to assert standing simply by virtue of their default.  To hold otherwise would deprive defendants of their right to seek statutory relief from a default pursuant to CPLR 5015 (a) (1).  That is particularly so here where plaintiff has conceded that the default was excusable (compare Deutsche Bank Natl. Trust Co. v Hussain, 78 AD3d 989, 989 [2010]; HSBC Bank, USA v Dammond, 59 AD3d 679, 680 [2009]).

As the majority points out, the question of standing here pertains to whether plaintiff had possession of the note at the time the action was commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015]).  A review of the note shows that it was indorsed over to plaintiff through an allonge dated January 17, 2008, which I agree established plaintiff as the holder of the note at that time.  The nuance, however, is that the allonge includes a further undated indorsement in blank signed by plaintiff's representative.  In her opposition affidavit, defendants' attorney pointed out certain anomalies in the note, including the fact that plaintiff had signed the blank indorsement — which counsel suggested was an indication that the note had been transferred.  While that contention may be speculative, nowhere in plaintiff's response does it explain the purpose of the blank indorsement.  In reply, plaintiff's counsel simply referred again to the allonge and the affidavit of plaintiff's representative, Brittany Lipscomb.  Based on her review of plaintiff's business records, Lipscomb averred that plaintiff was "the holder of the note."  While that statement is certainly accurate by virtue of the allonge, she does not address the blank indorsement.  Plaintiff's only explanation is set forth in its brief, where it reasons that the indorsement is proof that plaintiff obtained possession of the note.  Fair enough, but that point in no way explains the purpose of the blank indorsement or whether plaintiff still retained possession when the action was commenced in March 2014.  Moreover, since the blank indorsement is undated, we are left uncertain whether it was signed before or

after the action was commenced (compare CPLR 1018; CitiMortgage, Inc. v Rosenthal, 88 AD3d 759, 761 [2011]).  In my view, the presence of an undated blank indorsement that plaintiff has completely failed to explain raises a plausible, factual issue as to plaintiff's standing.  As defendants have raised a meritorious defense, Supreme Court should have granted their cross motion authorizing them to serve an answer (see CPLR 5015 [a] [1]).


ORDERED that the order is affirmed, with costs.


ENTER:

Robert D. Mayberger
Clerk of the Court