McCarthy, J.R
Appeal from an order of the Supreme Court (Crowell, J.), entered March 3, 2015 in Saratoga County, which, among other things, granted plaintiff’s motion for a default judgment.
After defendants Shelly A. Jameson and Danny J. Jameson (hereinafter collectively referred to as defendants) defaulted on a note secured by a mortgage on real property, plaintiff commenced this foreclosure action, alleging that it was the holder of the note and mortgage. Defendants failed to answer and *1494 then plaintiff moved for a default judgment. Defendants cross-moved for, among other things, dismissal of the complaint or, alternatively, an order permitting them to serve a proposed answer. Supreme Court granted plaintiff’s motion and denied defendants’ cross motion. Defendants now appeal, and we affirm.
In opposing a default judgment, defendants bore the burden of proving, among other things, that they had a meritorious defense (see Kostun v Gower, 61 AD3d 1307, 1307 [2009]; Drucker v Ward, 293 AD2d 891, 891 [2002]). It is well-settled law that this burden required defendants to put forth nonspecu-lative evidence that constitutes a prima facie defense (see Garcea v Battista, 53 AD3d 1068, 1070 [2008]; New York Hosp. Med. Ctr. of Queens v Insurance Co. of State of Pa., 16 AD3d 391, 392 [2005]; Peacock v Kalikow, 239 AD2d 188, 190 [1997]; Cooper v Badruddin, 192 AD2d 997, 997 [1993]; Matter of State of New York v Wiley, 117 AD2d 856, 856 [1986]).[1] As is relevant to defendants’ alleged standing defense, a plaintiff lacks standing in a foreclosure action if it did not possess the note at the time of the commencement of the action (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015]).
Defendants failed to submit proof that could support a reasonable conclusion that plaintiff did not possess the note at the time of the commencement of the action so as to present a prima facie defense based on standing (compare Dodge v Commander, 18 AD3d 943, 946 [2005]).[2] Further, regardless of the merit of defendants’ contention that plaintiff violated the Fair Debt Collection Practices Act, such a violation invokes a borrower’s rights to monetary damages but is not a defense to a mortgage foreclosure (see 15 USC § 1692k). Thus, defendants failed to present proof sufficient to establish a prima facie *1495 defense (see Garcea v Battista, 53 AD3d at 1070).[3] Accordingly, Supreme Court properly granted plaintiff’s motion for a default judgment.
Egan Jr., Devine and Mulvey, JJ., concur.

. Defendants’ contention that plaintiff had the burden of disproving that defendants had a meritorious standing defense is contrary to the law of the four Departments of the Appellate Division.

. Our dissenting colleague disagrees based on the fact that the note indorsed to plaintiff has an attached allonge, indorsed in blank and signed by plaintiff’s representative. As we understand it, the dissent relies on the rule that such an indorsement in blank paired with the transfer of the note to a different entity would prove plaintiff’s lack of possession of the note (see generally UCC 3-204 [2]). The problem, however, is that the dissent conflates the two parts of this rule; it treats proof of the indorsement in blank as proof of a transfer of the note to a different entity. In contrast, we look for evidence that directly, or by way of reasonable inference, bears on the issue of possession of the note at the time of the commencement of the action. On this point, nothing in the record contradicts the sworn statement of plaintiff’s representative, Brittany Lipscome, that “[a]t the date of [the] commencement of this action[, ] [plaintiff] was the holder of the note.”

. We recognize that the Second Department has squarely held that parties in defendants’ position, having failed to make a pre-answer motion or to answer, have waived the defense of standing despite the fact that the they seek a renewed opportunity to answer (see Deutsche Bank Natl. Trust Co. v Hussain, 78 AD3d 989, 990 [2010]; HSBC Bank, USA v Dammond, 59 AD3d 679, 680 [2009]; see generally CPLR 3211 [e]). However, we need not decide that issue given that, in any event, defendants failed to present a prima facie defense based on standing.