U.S. Bank N.A. v Jerome (2019 NY Slip Op 05178)





U.S. Bank N.A. v Jerome


2019 NY Slip Op 05178


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-08062
 (Index No. 1146/15)

[*1]U.S. Bank National Association, etc., respondent,
v
Allison Jerome, etc., defendant, Marlene S. Zeidman, appellant, et al., defendants.


Kevin J. Abruzzese, Garden City, NY, for appellant.
Reed Smith LLP, New York, NY (Andrew B. Messite and Kerren B. Zinner of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Marlene S. Zeidman appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered May 1, 2018. The order denied, without a hearing, that defendant's motion pursuant to CPLR 5015(a)(4) to vacate an order of reference of the same court entered October 17, 2016, and a judgment of foreclosure and sale of the same court entered September 11, 2017, upon her failure to answer or appear in the action, and pursuant to CPLR 3211(a)(8) to dismiss the action.
ORDERED that the order entered May 1, 2018, is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage on real property in Massapequa. The defendant Marlene S. Zeidman (hereinafter the defendant) did not answer the complaint or appear in the action. Upon her default, the Supreme Court issued an order of reference entered October 17, 2016, and a judgment of foreclosure and sale entered September 11, 2017. The defendant subsequently moved pursuant to CPLR 5015(a)(4) to vacate the order of reference and the judgment of foreclosure and sale, and pursuant to CPLR 3211(a)(8) to dismiss the action for lack of personal jurisdiction. The court denied the motion without conducting a hearing, and the defendant appeals.
In general, "a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589; see Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 897). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits" (BAC Home Loans Servicing, LP v Carrasco, 160 AD3d 688, 689 [internal quotation marks omitted]).
Here, the affidavit of the process server, which alleged that the defendant was personally served with process on March 9, 2015, at 5:05 p.m. at her residence in Pennsylvania, established, prima facie, that the defendant was properly served with process pursuant to CPLR [*2]308(1). The evidence submitted by the defendant to establish that she was not served was inadequate to rebut the presumption of proper service that arose from the process server's affidavit and to raise an issue of fact in that regard (see Bedessee Imports, Inc. v Najjar, 170 AD3d 640; BAC Home Loans Servicing, LP v Carrasco, 160 AD3d at 689; Nationstar Mtge., LLC v Kamil, 155 AD3d 966, 967-968; Hamlet on Olde Oyster Bay Homeowners Assn., Inc. v Ellner, 57 AD3d 732, 733).
Accordingly, we agree with the Supreme Court's determination denying, without a hearing, the defendant's motion.
MASTRO, J.P., BALKIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court