Sutton v Williamsville Suburban, LLC (2019 NY Slip Op 05897)





Sutton v Williamsville Suburban, LLC


2019 NY Slip Op 05897


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


507 CA 18-02396

[*1]JAMES C. SUTTON, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF PAUL SUTTON, SR., DECEASED, PLAINTIFF-APPELLANT,
v
WILLIAMSVILLE SUBURBAN, LLC, GOLDEN LIVING CENTERS, LLC, SAFIRE REHABILITATION OF AMHERST, LLC, DEFENDANTS-RESPONDENTS, LEGACY HEALTH CARE, LLC, AND INFINITY MEDICAL OF WNY, P.C., DEFENDANTS. 






FLYNN WIRKUS YOUNG, P.C., BUFFALO (SCOTT R. ORNDOFF OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
CAITLIN ROBIN & ASSOCIATES, PLLC, BUFFALO (REBECCA CRONAUER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered May 15, 2018. The order denied the motion of plaintiff for a default judgment and granted the cross motion of defendants Williamsville Suburban, LLC, Golden Living Centers, LLC and Safire Rehabilitation of Amherst, LLC for an extension of time to file an answer. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the cross motion of defendants Williamsville Suburban, LLC, Golden Living Centers, LLC and Safire Rehabilitation of Amherst, LLC is denied and the motion is granted.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries allegedly sustained by the decedent while he was a resident in a nursing home that was allegedly operated by defendants. When defendants failed to answer the complaint within the required time, plaintiff moved for a default judgment pursuant to CPLR 3215. Williamsville Suburban, LLC, Golden Living Centers, LLC and Safire Rehabilitation of Amherst, LLC (collectively, Williamsville defendants) opposed plaintiff's motion and cross-moved for an extension of time to file an answer pursuant to CPLR 2004. Supreme Court denied plaintiff's motion and granted the Williamsville defendants' cross motion. Plaintiff appeals, and we now reverse.
Plaintiff established his entitlement to default judgment against all defendants by submitting "proof of service of the summons and the complaint, the facts constituting the claim, and . . . defendant[s'] default" (Diederich v Wetzel, 112 AD3d 883, 883 [2d Dept 2013]; see PNC Bank, N.A. v Harmonson, 154 AD3d 1347, 1348 [4th Dept 2017]). We note that defendant Legacy Health Care, LLC and defendant Infinity Medical of WNY, P.C. did not submit opposition to plaintiff's motion, and we therefore conclude that the court erred in denying the motion with respect to those two defendants.
To successfully oppose plaintiff's motion, the Williamsville defendants had the burden of proving that they had a reasonable excuse for the default and a meritorious defense to the action (see Citimortgage, Inc. v Jameson, 140 AD3d 1493, 1494 [3d Dept 2016]; Smolinski v Smolinski, 13 AD3d 1188, 1189 [4th Dept 2004]). "It is well-settled law that this burden require[s] defendants to put forth nonspeculative evidence that constitutes a prima facie defense" (Citimortgage, Inc., 140 AD3d at 1494). The Williamsville defendants, however, failed to submit admissible evidence sufficient to demonstrate the existence of a potentially meritorious defense, and their proposed answer was not verified by anyone with personal knowledge of the [*2]facts. The court thus erred in denying plaintiff's motion with respect to the Williamsville defendants (see id. at 1494-1495). Inasmuch as the Williamsville defendants' cross motion for an extension of time to answer pursuant to CPLR 2004 also required a showing of a meritorious defense, we conclude that the court erred in granting the cross motion (see US Bank N.A. v Louis, 148 AD3d 758, 759 [2d Dept 2017]; cf. Constable v Matie, 145 AD2d 987, 987 [4th Dept 1988]; General Acc. Group v Scott, 96 AD2d 759, 760 [4th Dept 1983], appeal dismissed 60 NY2d 651 [1983]).
Plaintiff's remaining contention is academic in light of our determination.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court