■ JIMMY PARKER, Respondent, v TOP HOMES, INC., Appellant, et al., Defendants. [873 NYS2d 112]—

In an action pursuant to RPAPL article 15 to quiet title to real property, the defendant Top Homes, Inc., appeals (1) from a money judgment of the Supreme Court, Kings County (Bayne, J.), dated April 24, 2007, which, upon an order of the same court dated November 28, 2006, inter alia, granting the plaintiff's motion to hold it in contempt for violating temporary restraining orders, is in favor of the plaintiff and against it in the principal sum of $10,000 as a fine for contempt, and (2), as limited by its brief, from so much of an order of the same court dated July 31, 2007, as, in effect, denied its motion to vacate an order dated March 6, 2007, granting the plaintiff's motion to strike its answer upon its defaults in opposing the motion and in appearing on the return date for the motion, and for leave to enter a default judgment against it.

Ordered that the money judgment is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated July 31, 2007, is reversed insofar as appealed from, on the law, without costs or disbursements, the motion of the defendant Top Homes, Inc., to vacate the order dated March 6, 2007, is granted, and thereupon, the plaintiff's motion to strike that defendant's answer is denied.

The plaintiff and the defendant Top Homes, Inc. (hereinafter

Top Homes), own adjoining residential lots in Brooklyn. Top Homes purchased the land from the defendants Urgent Griffiths and Lola Griffiths. At the time that Top Homes purchased the land, a brick wall separated the two properties. Top Homes claimed that 2.5 feet of land located on the plaintiff's side of the brick wall belonged to it and informed the plaintiff that it intended to demolish the wall and build on the 2.5 feet of land.

The plaintiff commenced this action to quiet title to the disputed property based on his claim of adverse possession and, at the same time, moved for a preliminary injunction enjoining Top Homes from demolishing the wall. The court issued temporary restraining orders against Top Homes, temporarily enjoining it from demolishing the wall and beginning construction on the disputed property, but Top Homes disobeyed such orders. As a result, the plaintiff moved to hold Top Homes in contempt. Top Homes cross-moved to dismiss the complaint pursuant to CPLR 3211 (a) (8), arguing that the court did not have jurisdiction over it because it had not been properly served with the summons and complaint and the temporary restraining orders. Top Homes requested a hearing to determine the validity of service.

The court did not conduct a hearing to determine the validity of service, and, in an order dated November 28, 2006, it granted the plaintiff's separate motions for a preliminary injunction and to hold Top Homes in contempt for violating the temporary restraining orders and, in effect, denied Top Homes's cross motion to dismiss the complaint. The court determined that Top Homes should be fined in the amount of $10,000 and issued a money judgment in the plaintiff's favor in that amount.

We conclude that the Supreme Court properly held Top Homes in contempt and imposed a fine against it for its failure to abide by the court's temporary restraining orders without first holding a hearing to determine whether Top Homes had been properly served with the temporary restraining orders and the summons and complaint. The affidavits of the process servers constituted prima facie evidence of proper service pursuant to CPLR 308 (1) (*see Commissioners of State Ins. Fund v Nobre, Inc.,* 29 AD3d 511 [2006]; *Wieck v Halpern,* 255 AD2d 438 [1998]; *Green Point Sav. Bank v Clark,* 253 AD2d 514 [1998]). Top Homes failed to submit a sworn denial of service or specific statements to rebut the statements in the process servers' affidavits (*see Puco v DeFeo,* 296 AD2d 571 [2002]; *European Am. Bank v Abramoff,* 201 AD2d 611 [1994]).

After the court issued the order dated November 28, 2006, Top Homes continued with construction on the disputed prop-

erty despite the issuance of the preliminary injunction. The plaintiff then moved to strike Top Homes' answer due to its continuing violation of the temporary restraining orders and the preliminary injunction. Top Homes failed to submit opposition papers or to appear at the oral argument on the motion and, in an order dated March 6, 2007, the court granted the plaintiff's motion to strike its answer and for leave to enter a default judgment against it. Top Homes then moved to vacate the order dated March 6, 2006. The court, in effect, denied that motion in an order dated July 31, 2007.

Top Homes established that it had a reasonable excuse for its failure to respond to the plaintiff's motion to strike its answer and for leave to enter a default judgment against it. Furthermore, it demonstrated a meritorious defense to the plaintiff's motion. Accordingly, the Supreme Court should have granted Top Homes's motion to vacate the order dated March 6, 2006 (*see* CPLR 5015 [a]). The plaintiff sought to strike Top Homes's answer due to its continuing violation of the temporary restraining orders and the preliminary injunction. Pursuant to Judiciary Law § 753, a court wishing to punish a party for violating a temporary restraining order or preliminary injunction can only impose a fine or imprisonment, or both. The Supreme Court exceeds its authority when it fashions a remedy not contemplated by the statute (*see Pitterson v Watson,* 299 AD2d 467 [2002]; *McCain v Dinkins,* 192 AD2d 217 [1993]; *Couture v Garland,* 105 AD2d 1158 [1984]). Therefore, the Supreme Court was without authority to strike Top Homes's answer as punishment for violation of the temporary restraining orders and preliminary injunction. Accordingly, upon vacating the order dated March 6, 2006, the Supreme Court should have denied the plaintiff's motion to strike Top Homes's answer and for leave to enter a default judgment against it. Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.