■ PROSPECT PARK MANAGEMENT, LLC, Appellant, v ALBERT BEATTY et al., Respondents. [900 NYS2d 433]—

In an action to recover damages for breach of a commercial lease and for injury to property, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated May 6, 2008, which granted the defendants' motion, in effect, pursuant to CPLR 5015 (a) (1) and (4) to vacate a judgment of the same court (M. Garson, J.), entered December 20, 2002, upon an order of the same court (Knipel, J.), dated August 8, 2001, granting the plaintiff's unopposed application for leave to enter judgment on the issue of liability upon their default in appearing or answering the complaint, and after an inquest on the issue of damages, which was in favor of the plaintiff and against them in the principal sum of $75,550.

Ordered that the order dated May 6, 2008, is reversed, on the law, with costs, the defendants' motion, in effect, pursuant to CPLR 5015 (a) (1) and (4) to vacate the judgment entered December 20, 2002, is denied, and the judgment is reinstated.

The defendants failed to establish their entitlement to relief from the judgment entered December 20, 2002, upon their default. With respect to that branch of their motion which was, in effect, pursuant to CPLR 5015 (a) (4) to vacate on the ground of lack of jurisdiction, the affidavit of the plaintiff's process server with respect to the defendant Juanita Beatty constitutes prima facie evidence of valid service upon that defendant pursuant to CPLR 308 (1) (*see Bank of N.Y. v Segui*, 68 AD3d 908, 909 [2009]; *Parker v Top Homes, Inc.*, 58 AD3d 817, 818 [2009]), and that defendant failed to submit a sworn denial of service or specific facts to rebut the statements in the process server's affidavit (*see Parker v Top Homes, Inc.*, 58 AD3d at 818; *Puco v DeFeo*, 296 AD2d 571 [2002]). The affidavit of the process server with respect to the defendant Albert Beatty was prima facie evidence of valid service upon that defendant pursuant to CPLR 308 (2) (*see Cavalry Portfolio Servs., LLC v Reisman*, 55 AD3d 524, 525 [2008]; *Jefferson v Netusil*, 44 AD3d 621 [2007]), and Albert Beatty's bare and unsubstantiated denial of receipt of process was insufficient to rebut the presumption of proper service created by the affidavit of service (*see Beneficial Homeowner Serv. Corp. v Girault*, 60 AD3d 984 [2009]; *Cavalry Portfolio Servs., LLC v Reisman*, 55 AD3d at 525).

Moreover, that branch of the defendants' motion which was, in effect, pursuant to CPLR 5015 (a) (1) for relief from the judgment on the ground of excusable default was untimely as it was made more than one year after the defendants were served with notice of the judgment (*see Gainey v Anorzej*, 25 AD3d 650, 651 [2006]; *Terlizzese v Robinson's Custom Serv., Inc.*, 25 AD3d 547,

548 [2006]). Accordingly, the defendants' motion to vacate the judgment should have been denied. Skelos, J.P., Dillon, Angiolillo, Eng and Sgroi, JJ., concur.