■ U.S. BANK NATIONAL ASSOCIATION, Respondent, v RU-HELLA HOSSAIN, Appellant, et al., Defendants. [943 NYS2d 140]— In an action to foreclose a mortgage, the defendant Ruhella Hossain appeals from an order of the Supreme Court, Queens County (Cullen, J.), dated June 8, 2011, which denied, without a hearing, her motion pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale of the same court dated December 17, 2008, entered upon her default in appearing or answering the complaint and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her for lack of proper service.

Ordered that the order dated June 8, 2011, is affirmed, with costs.

The motion of the defendant Ruhella Hossain (hereinafter the defendant) pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her for lack of proper service was properly denied without a hearing. The affidavit of the process server constituted prima facie

evidence of proper service pursuant to CPLR 308 (4) (*see Washington Mut. Bank v Holt*, 71 AD3d 670 [2010]; *Mortgage Elec. Registration Sys., Inc. v Schotter*, 50 AD3d 983 [2008]). In opposition, the defendant's affidavit was insufficient to rebut the presumption of proper service created by the process server's affidavit (*see Prospect Park Mgt., LLC v Beatty*, 73 AD3d 885, 886 [2010]; *Beneficial Homeowner Serv. Corp. v Girault*, 60 AD3d 984 [2009]; *Mortgage Elec. Registration Sys., Inc. v Schotter*, 50 AD3d 983 [2008]). Thus, the Supreme Court properly denied the defendant's motion (*see Household Fin. Realty Corp. of N.Y. v Brown*, 13 AD3d 340, 341 [2004]). Skelos, J.P., Dickerson, Eng and Leventhal, JJ., concur.