■ YOUNGSTOWN TUBE Co., Respondent, v ANTHONY J. RUSSO, Individually and Doing Business as UNIVERSAL FIRE FABRICATING & SUPPLY, Appellant. [993 NYS2d 146]—

In an action, inter alia, to recover on an account stated, the defendant appeals from an order of the Supreme Court, Orange County (Onofry, J.), dated February 19, 2014, which denied his motion to vacate an amended judgment of the same court dated August 12, 2013, entered upon his failure to appear or answer the complaint, and, thereupon, to dismiss the complaint pursuant to CPLR 3211 (a).

Ordered that the order is affirmed, with costs.

Where, as here, a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015 (a) (4) and, alternatively, seeks discretionary vacatur pursuant to CPLR 5015 (a) (1), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015 (a) (1) (*see Canelas v Flores*, 112 AD3d 871, 871 [2013]; *Emigrant Mtge. Co., Inc. v Westervelt*, 105 AD3d 896, 897 [2013]; *Roberts v Anka*, 45 AD3d 752, 753 [2007]). Here, the affidavit of the plaintiff's process server constituted prima facie evidence that the defendant was properly served pursuant to CPLR 308 (2) (*see Matter of Perskin v Bassaragh*, 73 AD3d 1073, 1073 [2010]; *Prospect Park Mgt., LLC v Beatty*, 73 AD3d 885, 886 [2010]; *Pezolano v Incorporated City of Glen Cove*, 71 AD3d 970, 971 [2010]). In the absence of detailed facts sufficient to rebut the statements in the process server's affidavit of service, the defendant's affidavit denying receipt of process was insufficient to warrant an evidentiary hearing (*see Emigrant Mtge. Co., Inc. v Westervelt*, 105 AD3d at 897; *US Natl. Bank Assn. v Melton*, 90 AD3d 742, 743 [2011]; *Scarano v Scarano*, 63 AD3d 716, 716 [2009]). The defendant's other contention

regarding the propriety of service also is without merit (*see Ludmer v Hasan*, 33 AD3d 594, 594 [2006]; *Donohue v La Pierre*, 99 AD2d 570, 570 [1984]; *Brownell v Feingold*, 82 AD2d 844, 844 [1981]). Accordingly, the defendant failed to establish his entitlement to vacatur based upon lack of jurisdiction pursuant to CPLR 5015 (a) (4).

Furthermore, the defendant was not entitled to discretionary vacatur pursuant to CPLR 5015 (a) (1), as he failed to set forth any reasonable excuse for his default (*see Deutsche Bank Natl. Trust Co. v White*, 110 AD3d 759, 759 [2013]; *Wells Fargo Bank v Malave*, 107 AD3d 880, 880 [2013]; *Wells Fargo Bank, N.A. v Cervini*, 84 AD3d 789, 790 [2011]).

Finally, the defendant was not entitled to relief pursuant to CPLR 317 (*see Wassertheil v Elburg, LLC*, 94 AD3d 753, 754 [2012]; *Fleisher v Kaba*, 78 AD3d 1118, 1119 [2010]; *Levine v Forgotson's Cent. Auto & Elec., Inc.*, 41 AD3d 552, 553 [2007]). The defendant did not adequately rebut the presumption that he received notice of the summons in the regular course of the mail (*see Levine v Forgotson's Cent. Auto & Elec., Inc.*, 41 AD3d at 553; *Town House St., LLC v New Fellowship Full Gospel Baptist Church, Inc.*, 29 AD3d 893, 894 [2006]).

In light of our determination, we need not reach the defendant's remaining contentions. Skelos, J.P., Leventhal, Hinds-Radix, Duffy and LaSalle, JJ., concur.