■ LNV CORPORATION, Respondent, v WILLIE FORBES, Appellant, et al., Defendants. [996 NYS2d 696]—

In an action to foreclose a mortgage, the defendant Willie Forbes appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated July 11, 2013, as denied his cross motion to vacate his default in appearing and answering the complaint and to dismiss the complaint insofar as asserted against him or, in the alternative, to extend the time to file an answer and compel the plaintiff to accept his late answer, and (2) so much of an order of the same court, also dated July 11, 2013, as granted the plaintiff's motion for leave to enter a default judgment against him upon his failure to appear or answer the complaint and for the appointment of a referee to compute the sums due and owing to the plaintiff.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The defendant Willie Forbes allegedly defaulted upon a $1.14 million loan that was secured by a mortgage on real property located in Brooklyn. The plaintiff (hereinafter the lender) commenced this action to foreclose the mortgage. It is undisputed that Forbes never appeared or answered the complaint.

More than one year after Forbes's failure to answer, the lender moved for leave to enter a default judgment and for the appointment of a referee to compute the sums due and owing to it. Forbes opposed the motion and cross-moved to vacate his default and dismiss the complaint insofar as asserted against him or, in the alternative, to extend the time to file an answer and compel the plaintiff to accept his late answer. The Supreme Court, among other things, granted the lender's motion and denied Forbes's cross motion.

The Supreme Court providently exercised its discretion in denying that branch of Forbes's cross motion which was pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against him as abandoned (*see generally Countrywide Home Loans, Inc. v Brown*, 19 AD3d 638, 638 [2005]; *North Fork Bank v Cantico Intl.*, 284 AD2d 442, 442 [2001]). Contrary to Forbes's contention, the lender met its burden of demonstrating both a reasonable excuse for the delay in timely moving for a default judgment against him (*see Guarneri v St. John*, 18 AD3d 813, 813 [2005]; *Parker v City of New York*, 272 AD2d 310, 311 [2000]) and a potentially meritorious cause of action (*see Giglio v NTIMP, Inc.*, 86 AD3d 301, 308 [2011]; *Parker v City of New York*, 272 AD2d 310, 311 [2000]). Under the circumstances of this case, including the lack of any prejudice to Forbes

caused by the lender's delay (*see Iorizzo v Mattikow*, 25 AD3d 762, 764 [2006]), the Supreme Court providently exercised its discretion in excusing the lender's delay.

The Supreme Court also properly denied that branch of Forbes's cross motion which was to dismiss the complaint insofar as asserted against him for lack of proper service. The affidavits of the process servers submitted by the lender constituted prima facie evidence of proper service pursuant to CPLR 308 (4) (*see Deutsche Bank Natl. Trust Co. v Jagroop*, 104 AD3d 723, 724 [2013]; *U.S. Bank N.A. v Hossain*, 94 AD3d 979, 979 [2012]; *Matrix Fin. Servs. Corp. v McKiernan*, 295 AD2d 579, 580 [2002]). Forbes's affidavit was insufficient to rebut the presumption of proper service created by the process servers' affidavits (*see Youngstown Tube Co. v Russo*, 120 AD3d 1409 [2014]).

Forbes's remaining contentions, including his contention that his default in appearing and answering the complaint should be vacated, are without merit.

Accordingly, the Supreme Court properly denied Forbes's cross motion and properly granted the lender's motion (*see generally U.S. Bank N.A. v Poku*, 118 AD3d 980, 981 [2014]). Mastro, J.P., Balkin, Miller and Duffy, JJ., concur.