■ GLADYS DURAN, Respondent, v SONIA S. MILORD, Appellant. [7 NYS3d 176]—

In an action, inter alia, to impose a constructive trust on certain real property, the defendant appeals from an order of the Supreme Court, Kings County (Sweeney, J.), entered June 28, 2013, which denied her motion to vacate (a) an order of the same court (Spodek, J.), dated June 6, 2011, granting the plaintiff's unopposed motion for leave to enter judgment on the issue of liability upon her failure to appear or answer, and (b) an order of the same court (Archer, Ct. Atty. Ref.), dated November 8, 2012, inter alia, determining, after a hearing, that the plaintiff is the owner of the subject real property.

Ordered that the order entered June 28, 2013, is affirmed, without costs or disbursements.

The Supreme Court properly denied the defendant's motion to vacate two orders that were entered upon her default in appearing or answering the complaint. The affidavit of the plaintiff's process server constituted prima facie evidence of proper service of the summons and complaint upon the defendant pursuant to CPLR 308 (4) (*see Youngstown Tube Co. v Russo*, 120 AD3d 1409, 1409 [2014]; *Deutsche Bank Natl. Trust Co. v Jagroop*, 104 AD3d 723, 724 [2013]; *U.S. Bank N.A. v Hossain*, 94 AD3d 979, 979 [2012]). The affidavits submitted by the defendant were insufficient to rebut the presumption of proper service created by the process server's affidavit (*see LNV Corp. v Forbes*, 122 AD3d 805, 807 [2014]; *Youngstown Tube Co. v Russo*, 120 AD3d at 1409; *Emigrant Mtge. Co., Inc. v Westervelt*, 105 AD3d 896, 897 [2013]). Accordingly, the defendant failed to establish her entitlement to vacatur pursuant to CPLR 5015 (a) (4), based upon lack of personal jurisdiction.

Furthermore, the defendant was not entitled to discretionary vacatur pursuant to CPLR 5015 (a) (1), as she failed to set

forth any reasonable excuse for her default (*see Youngstown Tube Co. v Russo*, 120 AD3d at 1410; *Deutsche Bank Natl. Trust Co. v White*, 110 AD3d 759, 760 [2013]; *Wells Fargo Bank v Malave*, 107 AD3d 880, 880 [2013]). In the absence of a reasonable excuse, it is unnecessary to determine whether the defendant demonstrated the existence of a potentially meritorious defense (*see Deutsche Bank Natl. Trust Co. v White*, 110 AD3d at 760; *Wells Fargo Bank v Malave*, 107 AD3d at 881; *Wells Fargo Bank, N.A. v Cervini*, 84 AD3d 789, 790 [2011]).

The additional affidavits and evidence submitted in support of the defendant's motion were improperly submitted for the first time in her reply papers (*see Simak v Simak*, 121 AD3d 1090, 1091 [2014]; *Board of Mgrs. of Foundry at Washington Park Condominium v Foundry Dev. Co., Inc.*, 111 AD3d 776, 777 [2013]; *Jefferson v Netusil*, 44 AD3d 621, 622 [2007]).

The defendant's remaining contentions are either without merit or improperly raised for the first time on appeal (*see Zaidman v Zaidman*, 90 AD3d 1035, 1036 [2011]; *Citimortgage, Inc. v Phillips*, 82 AD3d 1032, 1033 [2011]). Dillon, J.P., Chambers, Austin and LaSalle, JJ., concur.