Metro Portfolios, Inc., Respondent, 
against
Anatoliy Pop, Appellant.




Anatoliy Pop, appellant pro se.
Selip & Stylianou, LLP (Efstathios Georgiou of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Adam Silvera, J.), entered October 12, 2016. The order denied defendant's motion to vacate a judgment of that court entered March 10, 2006 upon defendant's failure to appear or answer the complaint.




ORDERED that the order is affirmed, without costs.
In December 2005, plaintiff commenced this action to recover the principal sum of $8,238.87 for unpaid credit card charges. The affidavit of service alleges that the summons and complaint were delivered to a person of suitable age and discretion at a Brooklyn address at "3232 Shore Pkwy Apt 7D Brooklyn, NY 11235," defendant's dwelling place, and that copies thereof were subsequently mailed to the same address. Defendant failed to appear or answer, and, on March 10, 2006, a default judgment was entered against defendant. 
In June 2016, defendant moved, pursuant to CPLR 5015 (a) (1) and (4), to vacate the default judgment. In an affidavit in support of the motion, defendant alleged that the court lacked personal jurisdiction because he had "never received the court papers." Plaintiff opposed the motion, arguing that defendant had failed to set forth a reasonable excuse for failing to answer the complaint and a meritorious defense, that defendant did not deny living at the address where service had been made, and that defendant's allegations amounted to nothing more than a conclusory denial of receipt of process, and were thus insufficient to rebut plaintiff's prima facie showing of proper service of process. By order entered October 12, 2016, the Civil Court denied [*2]defendant's motion, finding that defendant's assertions were not "sufficiently factually specific to rebut plaintiff's prima facie proof of service."
CPLR 308 (2) authorizes service by delivery of the summons to a person of suitable age and discretion at the defendant's dwelling place or usual place of abode, and by mailing the summons to the defendant's last known residence. The affidavit of service of process contained in the record indicates that service was effected by delivery to a person of suitable age and discretion at defendant's dwelling place and that copies thereof were subsequently mailed to the same address (see CPLR 308 [2]). Thus, the process server's affidavit of service constitutes prima facie proof of proper service (see Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719 [2014]; Parker v Top Homes, Inc., 58 AD3d 817, 818 [2009]; 425 E. 26th St. Owners Corp. v Beaton, 50 AD3d 845, 846 [2008]; Sando Realty Corp. v Aris, 209 AD2d 682 [1994]). A defendant is required to submit a sworn, factually specific denial of service in order to rebut this prima facie showing (see Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d at 719 [the defendant's "bare and unsubstantiated denial of service lacked the factual specificity and detail required to rebut the prima facie proof of proper service set forth in th[e] affidavit of service"]). Here, we find that the conclusory sworn allegations contained in defendant's affidavit in support of his motion to vacate the default judgment were insufficient to rebut the prima facie proof of proper service. Consequently, the Civil Court properly denied the branch of defendant's motion seeking to vacate the default judgment pursuant to CPLR 5015 (a) (4). 
With respect to the branch of defendant's motion seeking vacatur pursuant to CPLR 5015 (a) (1), defendant failed to demonstrate a reasonable excuse for his default, in that his claim that he had never received the summons and complaint was conclusory. Moreover, defendant failed to establish a meritorious defense to the action. We note that, although the service was not effected by personal delivery to defendant, CPLR 317 does not apply because defendant's May 2016 motion to vacate the default judgment was made more than five years after the default judgment had been entered.
We further note that defendant's assertion, raised for the first time on appeal, that he lived at a different address at the time process was served is not properly before this court (see Gross v Aetna Cas. Sur. Co.,240 AD2d 468, 469 [1997]; Fresh Pond Rd. Assoc. v Estate of Schacht, 120 AD2d 561 [1986]).
Accordingly, the order is affirmed. 
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 06, 2018