Vaca v Village View Hous. Corp. (2019 NY Slip Op 02420)





Vaca v Village View Hous. Corp.


2019 NY Slip Op 02420


Decided on March 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2019

Renwick, J.P., Richter, Kapnick, Kahn, Oing, JJ.


8821 114747/09

[*1]Robin B. Vaca, Plaintiff-Respondent,
v
Village View Housing Corporation, et al., Defendants, Fowler Equipment Company, Defendant-Appellant.
Fowler Equipment Company, Third-Party Plaintiff-Appellant,
v
Whirlpool Corporation, Third-Party Defendant-Respondent.


Law Office of James J. Toomey, New York (Jason Meneses of counsel), for appellant.
Weiss & Rosenbloom, P.C., New York (Andrea R. Krugman of counsel), for Robin B. Vaca, respondent.
Goldberg Segalla, White Plains, (William T. O'Connell of counsel), for Whirlpool Corporation, respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered July 25, 2017, which, to the extent appealed from, denied defendant/third-party plaintiff Fowler Equipment Company's motion to vacate an order, same court and Justice, entered on or about September 15, 2015, which granted third-party defendant's (Whirlpool) motion to dismiss the third-party complaint and, upon vacatur, restore the motion to the calendar and afford Fowler an opportunity to oppose it, or, alternatively, to renew Whirlpool's motion and, upon renewal, deny the motion, and to strike plaintiff's claim regarding the use and operation of a certain washing machine, unanimously affirmed, without costs.
Fowler was not entitled to relief under CPLR 5015(a)(1) because the September 15, 2015 order granting Whirlpool's motion to dismiss was not entered on default. Fowler's counsel appeared in court on the return date and participated in oral argument on the motion, and nothing in the court's decision indicated that it was granting relief on default. Therefore, CPLR 5015(a)(1) is inapplicable, and Fowler's only remedy was to have timely appealed or sought reargument, neither of which it did (see Spatz v Bajramoski, 214 AD2d 436, 436 [1st Dept 1995]).
Even if we view the prior motion as having been granted on default, CPLR 5015(a)(1) relief would not be appropriate. Fowler failed to move to vacate within one year after a copy of the order with written notice of entry was served on it. Thus, the motion was untimely (see e.g. US Natl. Bank Assn. v Melton, 90 AD3d 742, 744 [2d Dept 2011]; Prospect Park Mgt., LLC v Beatty, 73 AD3d 885 [2d Dept 2010]).
Fowler's attempt to circumvent the time limitation of CPLR 5015(a)(1) by styling its motion as one for leave to renew Whirlpool's motion to dismiss is unavailing, as Fowler neither [*2]based the motion on new facts nor demonstrated that there has been a change in the law that would change the prior determination (CPLR 2221[e][2]). This is not a case that warranted a grant of leave to renew in the interest of justice "so as not to defeat substantive fairness" (Garner v Latimer, 306 AD2d 209, 210 [1st Dept 2003] [internal quotation marks omitted]).
Fowler is precluded by the doctrine of collateral estoppel from relitigating the propriety of plaintiff's claims for breach of warranty and strict products liability regarding the washing machine, as it had a full and fair opportunity to litigate this issue when plaintiff moved to amend her complaint and assert the claims (see Mahota v City of Hudson, 179 AD2d 845, 846 [3d Dept 1992], lv denied 79 NY2d 760 [1992]).
In light of the foregoing, we do not reach Fowler's remaining contentions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 28, 2019
CLERK