U.S. Equities Corp., Appellant,
against
Ernst Vante, Respondent.




Linda Strumpf, Esq., for appellant.
Ernst Vante, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Cenceria P. Edwards, J.), entered May 3, 2017. The order granted defendant's motion to vacate a judgment of that court dated March 22, 2010, entered upon his failure to appear or answer the complaint, and income executions and restraining notices.




ORDERED that the order is reversed, without costs, and defendant's motion to vacate the default judgment, income executions and restraining notices is denied.
In January 2010, plaintiff commenced this action to recover the principal sum of $1,169.01 for breach of a credit card agreement. The affidavit of service of process indicates that the summons and amended complaint were delivered to a person of suitable age and discretion at a Brooklyn address which is defendant's dwelling house and usual place of abode, and that copies thereof were subsequently mailed to that address (see CPLR 308 [2]). Defendant failed to appear and answer, and, on March 22, 2010, a default judgment was entered against defendant in the sum of $1,515.49.
In April 2017, defendant moved to vacate the default judgment, income executions and restraining notices. In a supporting affidavit, defendant alleged that he "did not receive the court [*2]papers." Plaintiff opposed the motion, arguing that defendant had failed to show that service of process was improper. In addition, plaintiff asserted that defendant had knowledge of this action on July 28, 2010, when plaintiff had served an information subpoena upon defendant, to which defendant had responded in writing. The Civil Court, without making any findings of fact or conclusions of law, granted defendant's motion, vacated the default judgment, the income executions and restraining notices, and deemed defendant's proposed answer served and filed.
Generally, a process server's affidavit of service constitutes prima facie proof of proper service (see Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719 [2014]; Parker v Top Homes, Inc., 58 AD3d 817, 818 [2009]; 425 E. 26th St. Owners Corp. v Beaton, 50 AD3d 845, 846 [2008]; Sando Realty Corp. v Aris, 209 AD2d 682 [1991]). A defendant is required to submit a sworn, nonconclusory, factually specific, denial of service in order to rebut a prima facie showing (see Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d at 719 [the defendant's "bare and unsubstantiated denial of service lacked the factual specificity and detail required to rebut the prima facie proof of proper service set forth in th[e] affidavit of service"]). 
CPLR 308 (2) authorizes service by delivery of the summons to a person of suitable age and discretion at the defendant's dwelling place or usual place of abode, and by mailing the summons to the defendant's last known residence. We find that the conclusory allegations contained in defendant's affidavit in support of his motion to vacate the default judgment were insufficient to rebut the prima facie proof of proper service (see Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d at 719). Consequently, the Civil Court improperly granted defendant's motion (see CPLR 5015 [a] [4]). 
To the extent that defendant's motion sought to vacate the default judgment pursuant to CPLR 5015 (a) (1), we find that defendant failed to demonstrate both a reasonable excuse for his default and a meritorious defense to the action, in that his assertions were conclusory. Additionally, defendant failed to proffer any excuse for his seven-year delay in moving to vacate the judgment (see US Bank N.A. v Ben-Aime, 123 AD3d 696 [2014]), since he had notice of the action when he was served with an information subpoena on July 28, 2010.
Accordingly, the order is reversed and defendant's motion to vacate the default judgment, income executions and restraining notice is denied.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 24, 2019