HSBC Bank USA, N.A. v Hasan (2025 NY Slip Op 06697)

HSBC Bank USA, N.A. v Hasan

2025 NY Slip Op 06697

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-09584
2022-09585
 (Index No. 32862/09)

[*1]HSBC Bank USA, N.A., plaintiff-appellant- respondent, 
v
Abdul Hasan, et al., defendants; Palm Avenue Hialeah Trust, etc., nonparty- respondent; 737 Hancock St. Corp., etc., nonparty-respondent-appellant.

Phillips Lytle LLP, Buffalo, NY (Sean C. McPhee of counsel), for plaintiff-appellant-respondent.
Fadullon Dizon Krul, LLP, Jericho, NY (Juan Paolo F. Dizon and Alexander Krul of counsel), for nonparty-respondent-appellant.
Ross Eisenberg Law PLLC, Cedarhurst, NY, for nonparty-respondent.

DECISION & ORDER
In a consolidated action to foreclose two mortgages, the plaintiff appeals, and nonparty 737 Hancock St. Corp. cross-appeals, from two orders of the Supreme Court, Kings County (Lawrence Knipel, J.), both dated October 12, 2022. The first order, insofar as appealed from, granted those branches of the motion of nonparty Palm Avenue Hialeah Trust which were to ratify a judgment of foreclosure and sale of the same court (Richard Velasquez, J.) dated June 4, 2015, and to extend the time to conduct a foreclosure sale pursuant thereto. The first order, insofar as cross-appealed from, granted the motion of nonparty Palm Avenue Hialeah Trust to ratify the judgment of foreclosure and sale dated June 4, 2015, to extend the time to conduct a foreclosure sale pursuant thereto, to restore USROF III Legal Title Trust 2015-1 to the caption, and to substitute USROF III Legal Title Trust 2015-1 for nonparty Palm Avenue Hialeah Trust, and denied the cross-motion of nonparty 737 Hancock St. Corp. pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against the nonappearing defendants as abandoned. The second order, insofar as appealed from, granted those branches of the motion of nonparty Palm Avenue Hialeah Trust which were to ratify the judgment of foreclosure and sale dated June 4, 2015, and to extend the time to conduct a foreclosure sale pursuant thereto, appointed a referee to conduct a foreclosure sale pursuant to the judgment of foreclosure and sale dated June 4, 2015, and directed that the time to conduct the foreclosure sale be extended for one year from the date of the order. The second order, insofar as cross-appealed from, granted the motion of nonparty Palm Avenue Hialeah Trust to ratify the judgment of foreclosure and sale dated June 4, 2015, to extend the time to conduct a foreclosure sale pursuant thereto, to restore USROF III Legal Title Trust 2015-1 to the caption, and to substitute USROF III Legal Title Trust 2015-1 for nonparty Palm Avenue Hialeah Trust, denied the cross-motion of nonparty 737 Hancock St. Corp. pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against the nonappearing defendants as abandoned, appointed a referee to conduct a foreclosure sale pursuant to the judgment of foreclosure and sale dated June 4, 2015, [*2]and directed that the time to conduct the foreclosure sale be extended for one year from the date of the order.
ORDERED that the cross-appeals from so much of the orders as granted those branches of the motion of nonparty Palm Avenue Hialeah Trust which were to restore USROF III Legal Title Trust 2015-1 to the caption and to substitute USROF Legal Title Trust 2015-1 for nonparty Palm Avenue Hialeah Trust are dismissed, as nonparty 737 Hancock St. Corp. is not aggrieved by those portions of the orders (see id. § 5511; Gurewitz v City of New York, 175 AD3d 658, 659); and it is further,
ORDERED that the first order is modified, on the law, by deleting the provision thereof granting those branches of the motion of nonparty Palm Avenue Hialeah Trust which were to ratify the judgment of foreclosure and sale dated June 4, 2015, and to extend the time to conduct a foreclosure sale pursuant thereto, and substituting therefor a provision denying those branches of the motion; as so modified, the first order is affirmed insofar as reviewed on the cross-appeal, and so much of the second order as granted those branches of the motion of nonparty Palm Avenue Hialeah Trust which were to ratify the judgment of foreclosure and sale dated June 4, 2015, and to extend the time to conduct a foreclosure sale pursuant thereto, appointed a referee to conduct a foreclosure sale pursuant to the judgment of foreclosure and sale dated June 4, 2015, and directed that the time to conduct the foreclosure sale be extended for one year from the date of the order are vacated; and it is further,
ORDERED that the appeal from the second order is dismissed as academic in light of our determination on the appeal from the first order; and it is further,
ORDERED that the second order is affirmed insofar as reviewed on the cross-appeal; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by nonparty Palm Avenue Hialeah Trust.
The facts of this case are more fully set forth in this Court's decision and order on a related appeal (see HSBC Bank USA, N.A. v Hasan, _____ AD3d _____ [Appellate Division Docket No. 2022-01578; decided herewith]).
This is a consolidated action to foreclose two mortgages encumbering certain real property located in Brooklyn. In December 2009, an action was commenced (hereinafter the 2009 action) to foreclose a mortgage that had encumbered the property since 2008. A second mortgage was executed in 2010 (hereinafter the second mortgage). At the time of this appeal and cross-appeal, the second mortgage was held by nonparty Palm Avenue Hialeah Trust (hereinafter Palm). In October 2013, Palm's predecessor in interest commenced an action to foreclose the second mortgage (hereinafter the 2013 action), and, in June 2015, a judgment of foreclosure and sale was entered in the 2013 action (hereinafter the 2015 judgment of foreclosure and sale).
In January 2018, following the consolidation of the 2009 action and the 2013 action, the plaintiff filed an amended complaint, and, on February 22, 2018, USROF III Title Trust 2015-1 (hereinafter USROF) interposed an answer to the amended complaint. The plaintiff did not move for leave to enter a default judgment against the nonappearing defendants until December 11, 2019, eight months after the original time to do so had expired. However, in a conditional order of dismissal dated September 12, 2019 (hereinafter the conditional order), the Supreme Court had extended the plaintiff's time to move for leave to enter a default judgment against the nonappearing defendants to 90 days from the date of the conditional order. On December 11, 2019, the plaintiff moved, inter alia, for leave to enter a default judgment against the nonappearing defendants, and that branch of its motion was granted in an order dated November 3, 2021.
In April 2022, Palm moved, among other things, to ratify the 2015 judgment of foreclosure and sale and to extend the time to conduct a foreclosure sale pursuant thereto. The [*3]plaintiff and nonparty 737 Hancock St. Corp. (hereinafter Hancock), which was the successor in interest to the original owner of the property, separately opposed the motion. Hancock also cross-moved pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against the nonappearing defendants as abandoned. In an order dated October 12, 2022, the Supreme Court granted Palm's motion and denied Hancock's cross-motion. In a second order also dated October 12, 2022, the court granted the same relief to Palm, denied the same relief to Hancock, appointed a referee to conduct the foreclosure sale pursuant to the 2015 judgment of foreclosure and sale, and directed that the time to conduct the foreclosure sale be extended for one year from the date of the order. This appeal and cross-appeal ensued.
In light of the consolidation of the 2009 action and the 2013 action, Palm failed to establish its entitlement to ratify the 2015 judgment of foreclosure and sale, which was entered solely with respect to the second mortgage, since the priority of the liens would have to be dealt with in any judgments ultimately disposing of the consolidated action.
Contrary to the plaintiff's contention, Hancock had standing to cross-move for dismissal pursuant to CPLR 3215(c) as a successor in interest to the original owner of the property (see id. § 1018; Wells Fargo Bank, NA v McKenzie, 183 AD3d 574, 575). However, the Supreme Court properly denied the cross-motion.
CPLR 3215(c) generally provides that "if the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (Federal Natl. Mtge. Assn. v Marty, 219 AD3d 581, 582-583). Here, the plaintiff did not move for leave to enter a default judgment against the nonappearing defendants until December 11, 2019, eight months after the original time to do so had expired. However, in the conditional order, the Supreme Court had extended the plaintiff's time to move for leave to enter a default judgment to 90 days from the date of the conditional order. Since the plaintiff moved for that relief within the time period granted by the court in the conditional order, the plaintiff's motion was timely. The conditional order was not challenged. Rather, the plaintiff's motion was opposed on the grounds that discovery was not complete and that there was an insufficient basis to grant leave to enter a default judgment against the nonappearing defendants. Further, this consolidated action deals with two mortgages and fraudulent documents in the chain of title. The parties' conduct demonstrated that there was no intent to abandon this consolidated action (see LNV Corp. v Forbes, 122 AD3d 805, 806; Brooks v Somerset Surgical Assoc., 106 AD3d 624). Under the circumstances of this case, there was sufficient cause shown why the amended complaint should not be dismissed insofar as asserted against the nonappearing defendants as abandoned.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court