PNC Bank, N.A. v Heirs at Large of Martin Feldbrand (2026 NY Slip Op 00390)

PNC Bank, N.A. v Heirs at Large of Martin Feldbrand

2026 NY Slip Op 00390

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-03698
 (Index No. 1975/12)

[*1]PNC Bank, N.A., etc., respondent,
vHeirs at Large of Martin Feldbrand, etc., et al., defendants, Irene Feldbrand, appellant.

Berg & David, PLLC, Inwood, NY (Sholom Wohlgelernter and Abraham David of counsel), for appellant.
McGlinchey Stafford, PLLC, New York, NY (Mikelle V. Bliss of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Irene Feldbrand appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated November 21, 2023. The order denied that defendant's motion pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against her as abandoned.
ORDERED that the order is affirmed, with costs.
In January 2012, the plaintiff commenced this action against Martin Feldbrand (hereinafter Martin), among others, to foreclose a mortgage on a condominium unit located in Brooklyn. The defendant Irene Feldbrand (hereinafter the defendant), who did not execute the note or mortgage, was served as a "Jane Doe," representing an occupant of the mortgaged premises. In March 2012, Martin interposed an answer, but the defendant failed to appear or answer the complaint. In February 2017, the Supreme Court granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against Martin and for an order of reference. However, on June 8, 2017, Martin died. By order dated January 8, 2020, the court granted the plaintiff's motion for leave to serve and file a supplemental summons and amended complaint removing Martin from the action, to substitute Martin's heirs, to waive its right to seek a deficiency judgment against Martin's estate, and to serve the "unknown heirs" via publication. The defendant also was individually named in the amended complaint as a possible heir of Martin and was served in March 2020. The defendant failed to appear or answer the amended complaint. Thereafter, the defendant moved pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against her as abandoned, arguing, inter alia, that the plaintiff failed to seek a default judgment against her following her initial default in answering the complaint in 2012, and upon her subsequent default in answering the amended complaint in 2020. The plaintiff opposed the motion. By order dated November 21, 2023, the court denied the defendant's motion. The defendant appeals.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause [*2]is shown why the complaint should not be dismissed." "Furthermore, [t]he failure to timely seek a default may be excused if sufficient cause is shown why the complaint should not be dismissed (CPLR 3215[c]), which requires the plaintiff to proffer a reasonable excuse for the delay in timely moving for a default judgment and to demonstrate that the cause of action is potentially meritorious" (U.S. Bank N.A. v Kerendian, 232 AD3d 691, 693 [internal quotation marks omitted]; see U.S. Bank N.A. v 63 Holiday Dr. Realty Corp., 230 AD3d 713, 714).
Here, the Supreme Court providently exercised its discretion in denying the defendant's motion pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against her as abandoned. Under the circumstances, the plaintiff met its burden of demonstrating both a reasonable excuse for the delay in timely moving for a default judgment against the defendant and a potentially meritorious cause of action (see LNV Corp. v Forbes, 122 AD3d 805, 807), particularly where the plaintiff had successfully moved for summary judgment on the complaint insofar as asserted against Martin prior to his death (see Deutsche Bank Natl. Trust Co. v Singh, 236 AD3d 859).
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against her as abandoned.
The defendant's remaining contention is without merit.
DILLON, J.P., BRATHWAITE NELSON, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court