Decatur 1147 LLC v Anson St. LLC (2023 NY Slip Op 05657)

Decatur 1147 LLC v Anson St. LLC

2023 NY Slip Op 05657

Decided on November 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 09, 2023

Before: Webber, J.P., Friedman, González, Kennedy, O'Neill Levy, JJ. 

Index No. 152253/18 Appeal No. 990 Case No. 2023-02091 

[*1]Decatur 1147 LLC, Plaintiff-Respondent,
v
Anson Street LLC, Defendant-Appellant.

The Frank Law Firm P.C., Old Brookville (Thomas J. Frank of counsel), for appellant.
Massoud & Pashkoff, LLP, New York (Ahmed A. Massoud of counsel), for respondent.

Order, Supreme Court, New York County (James Edward D'Auguste, J.), entered September 30, 2022, which, to the extent appealed from as limited by the briefs, denied the motion of nonparty and proposed substitute defendant Wilmington Savings Fund Society, FSB, doing business as Christiana Trust as Trustee for PNPMS Trust I (PNPMS Trust) to vacate the default judgment entered against defendant Anson Street LLC, unanimously reversed, on the law, with costs, and the motion granted.
In this action seeking to quiet title to property, we find the default judgment should have been vacated in accordance with CPLR 317, particularly in light of the strong public policy favoring resolution of cases on their merits (see Gomez v Karyes Realty Corp., 211 AD3d 576, 577 [1st Dept 2022]). PNPMS Trust established that Anson Street, which had assigned the junior mortgage on the property to PNPMS Trust, never became aware of the summons that commenced this action because there had been an internal office error by its loan servicer, resulting in a failure to inform Anson Street that the action had been commenced. This evidence was sufficient to establish that Anson Street did not receive notice in time to defend the action (CPLR 317; see U.S. Bank N.A. v Nassau County Pub. Adm'r, 171 AD3d 560, 560-561 [1st Dept 2019]).
PNPMS Trust also established that it had a meritorious defense to the action. The basis for the quiet title action is that Anson Street's predecessor-in-interest accelerated the entire principal balance of the junior mortgage in 2009 and that the collection of the mortgage loan then became time-barred. However, PNPMS Trust submitted affidavits, one from a director of its own loan servicer and another from corporate counsel of Anson Street's loan servicer, both of whom stated on personal knowledge that in fact, the debt had not been accelerated (see Peacock v Kalikow, 239 AD2d 188, 190 [1st Dept 1997]).
Supreme Court should not have considered the reasonableness of the delay in moving to vacate the default judgment, as no showing of a reasonable excuse is required under CPLR 317 (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2023