| **Khurana v City of New York** |
| --- |
| 2025 NY Slip Op 31230(U) |
| April 10, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152921/2024 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. PAUL A. GOETZ**                                    PART                    47

                                              *Justice*

-----------------------------------------------------------------------------X

JASLEEN KHURANA,

                                              Plaintiff,

- v -

CITY OF NEW YORK, JAMES HENRY

                                              Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152921/2024 |
| MOTION DATE | 12/06/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25

were read on this motion to/for                     JUDGMENT - DEFAULT                     .

In this employment discrimination action, plaintiff moves for a default judgment as against defendants, City of New York ("City") and James Henry. Defendants oppose plaintiff's motion and cross-move to dismiss the complaint.

## **BACKGROUND**

Plaintiff, Jasleen Khurana, was hired by the City in 2013 as a police officer (NYSCEF Doc No 1 at ¶ 1). Defendant, Dr. James Henry, is an Orthopedic District Surgeon with the New York City Police Department (*id*. at ¶ 8). In 2017, plaintiff suffered a back injury which was exacerbated by a car accident that occurred on April 22, 2017 (*id*. at ¶ 14 – 18). Due to her injuries, in 2018 plaintiff was placed on restricted duty and was assigned to see NYPD doctor, John Santucci (*id*. at ¶ 20 – 21). Plaintiff alleges that she was told by Dr. Santucci, that she must return to work at full duty, or she would be terminated, an order that she alleges went against her personal doctor's orders (*id*. at ¶ 22 – 24). Plaintiff was only able to work full duty from April 2018 – July 2018, when her injuries forced her to return to restricted duty (*id*. at ¶ 24 – 25).

152921/2024   KHURANA, JASLEEN vs. CITY OF NEW YORK ET AL
Motion No.  001

Page 1 of 8

[* 1]

Plaintiff alleges that at that time, Dr. Santucci initiated "survey paperwork" which means he was initiating termination proceedings based on plaintiff's disability (*id*. at ¶ 27 – 28).

In November of 2019, plaintiff had surgery to have her gall bladder removed (NYSCEF Doc No 1 ¶ 32). Plaintiff alleges that over the next few years her back healed, and she felt ready to return to full duty (*id*. at ¶ 36). In order to be placed back on full duty, plaintiff needed approval from defendant Henry, the NYPD Department Orthopedist (*id*. at ¶ 38). Dr. Henry denied plaintiff's request to return to full duty, allegedly telling plaintiff "You will go out again get into an EDP[1] and get hurt and come back restricted again, so I don't want to put you back full duty" (*id*. at ¶ 41 – 43).

Plaintiff had a hearing before the NYPD Article Medical Board in September 2020, and it issued a determination that plaintiff was disabled (*id*. at ¶ 65 – 66). Plaintiff alleges that the City, through the NYPD, has a policy of refusing to give overtime to employees who it deems disabled and are thus on restricted duty (*id*. at ¶ 49 – 50). Plaintiff further alleges that the NYPD refuses to promote employees who are on restricted duty (NYSCEF Doc No 1 at ¶ 70 – 72). Plaintiff alleges that over the next few years she repeatedly received recommendations from her private physicians that she was fit for full duty, but Dr. Henry consistently denied her requests and told her that she was unfit for duty and would need to be terminated (*id*. at ¶ 150 – 153).

In June 2023, plaintiff's disability finding was voted on by the NYPD Pension Board, who approved her for retirement on the basis of her disability (*id*. at ¶ 154 – 155). However, plaintiff was subsequently informed that she would have to remain employed because the United States of America Social Security Division would not approve plaintiff for disability benefits (*id*. at ¶ 158 – 159). Plaintiff alleges that the NYPD's policy of refusing to retain workers they deem

---

[1] EDP is common police shorthand for an "Emotionally Disturbed Person." The NYPD also commonly refers to an encounter with such a person as an EDP.

**152921/2024   KHURANA, JASLEEN vs. CITY OF NEW YORK ET AL**          **Page 2 of 8**
 **Motion No.  001**

2 of 8

[* 2]

disabled, but who cannot get approval for disability benefits by the US government, creates a class of employees who are in limbo because they cannot advance in their career but are forced to remain employed to learn if they will earn a retirement pension (*id*. at ¶ 167 – 174). Plaintiff alleges she is currently awaiting a final decision by the NYPD Pension Board at which time she will be terminated by the NYPD due to her disability (*id*. at ¶ 192).

Plaintiff alleges that she is being discriminated against based upon her real or perceived disability (NYSCEF Doc No 1 at ¶ 174). Plaintiff alleges that the City has refused to engage in a discussion on the availability of an accommodation that could allow her to continue her work as a police officer (*id.* at ¶ 196 – 202).

Plaintiff asserts five causes of action against all defendants for violations of the New York City Human Rights Law ("NYCHRL"). The causes of action are for: (1) Disability Discrimination; (2) Hostile Work Environment; (3) Strict Liability for Discriminatory Acts by Employees; (4) Failure to Provide Reasonable Accommodations / Engage in a Cooperative Dialogue; and (5) Violation of NYC Admin Code § 8-502: Civil Action by Persons Aggrieved by Unlawful Discriminatory Practices

## DISCUSSION

### I. *Default Judgment Motion*

A court may relieve a party from default if the party can show "(1) a reasonable excuse for the default; and (2) a meritorious defense to the action" (*SOS Capital v Recycling Paper Partners of PA, LLC*, 220 AD3d 25, 38 [1st Dept 2023]). While, plaintiff argues that, because defendants' arguments in their cross-motion to dismiss lack merit, that defendants have not established a potentially meritorious defense as to excuse the default. However, "[t]o establish

**152921/2024   KHURANA, JASLEEN vs. CITY OF NEW YORK ET AL**            **Page 3 of 8**
  **Motion No.  001**

3 of 8

the existence of a potentially meritorious defense, defendants needed only to make a prima facie showing of legal merit" (*Darling v Fernette*, 234 AD3d 1230, 1232 [3d Dept 2025]).

Procedurally, regardless of the merits of the cross-motion to dismiss which are discussed below, defendants have established a meritorious defense excusing the default. Considering, the "strong public policy favoring the resolution of cases on their merits", (*Decatur 1147 LLC v Anson St. LLC*, 221 AD3d 425, 425 [1st Dept 2023]), plaintiff's motion for a default judgment will be denied and the merits of the cross-motion will be considered.

## II. *Cross-Motion to Dismiss*

Defendants argue that the complaint must be dismissed for several reasons. First, they argue the proper vehicle to bring this action would have been an Article 78 proceeding, and that were the court to convert this action to an Article 78 proceeding, it would have to be dismissed as time-barred. Next, they argue that the complaint fails to state a cause of action in that: (1) Plaintiff has failed to plead that she suffered an adverse employment action; (2) Plaintiff cannot establish that she can perform "essential requisites" of her job and that she was granted an accommodation by being placed on "restricted duty", thus failing to adequately plead a "failure to accommodate" cause of action; (3) Plaintiff's inability to perform essential functions of her job cannot form the basis of a disability discrimination claim since she was no longer qualified to perform the job; and (4) Plaintiff cannot establish a discrimination claim as most of the allegations consist of NYPD doctor determinations and other allegations are too trivial to rise to a level to maintain a discrimination action.

## A. *Article 78 proceeding*

Defendants argue that pursuant to CPLR § 103(c), the court should convert this action to an Article 78 proceeding, since the action is seeking to challenge the administrative decision that

152921/2024   KHURANA, JASLEEN vs. CITY OF NEW YORK ET AL
Motion No.  001

Page 4 of 8

plaintiff is no longer qualified for employment as an NYPD officer. When the "gravamen of plaintiff's claims is a review of the Police Pension Fund's administrative determination," the proper challenge would be in the form of an Article 78 proceeding" (*Toolasprashad v City of New York*, 169 AD3d 405 [1st Dept 2019]). However, it is well settled that a plaintiff alleging discriminatory practices by a public employer has the option to proceed with such allegations in either the form of a plenary action or an Article 78 proceeding (*Koerner v State*, 62 NY2d 442 [1984]).

Here, the discrimination claims made by plaintiff encompass more than just a challenge to the administrative decision and the nature of the relief sought would not be addressed if this case was converted to an Article 78 proceeding, in that plaintiff has alleged that she was denied promotion opportunities and other benefits due to her alleged discriminatory treatment. Therefore, the case will not be converted to an Article 78 proceeding and thus, the defendants arguments regarding the four month statute of limitations to initiate an Article 78 proceeding will not be considered. "[A] contrary conclusion would lead to the manifestly unfair result of requiring the person against whom the State has unlawfully discriminated to institute separate lawsuits to fully redress the wrong committed" (*id.* at 449).

*B. Failure to State a Claim*

When reviewing a "motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), [courts] must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every reasonable inference, and determine only whether the facts, as alleged fit within any cognizable legal theory" (*Bangladesh Bank v Rizal Commercial Banking Corp.*, 226 AD3d 60, 85-86 [1st Dept 2024] [internal quotations omitted]). "In making this determination, we are not authorized to assess the merits of the complaint or any of its factual

allegations" (*id*. at 86 [internal quotations omitted]). Further "[i]n assessing a motion under CPLR 3211(a)(7), ... the criterion is whether the proponent of the pleading has a cause of action, not whether [they have] stated one" (*Eccles v Shamrock Capital Advisors, LLC*, 2024 NY Slip Op 02841 [Ct App May 23, 2024] [internal quotations omitted]).

### i. Disability Discrimination

To state a claim of disability discrimination under the NYCHRL, plaintiff must allege that: (1) she is a member of a protected class, (2) she was qualified for her position, (3) she was adversely or differently treated based on her disability in a way that disadvantaged her and (4) this action occurred under circumstances giving rise to an inference of discrimination (*Hosking v Mem. Sloan-Kettering Cancer Ctr*., 186 AD3d 58 [1st Dept 2020]).

Defendants argue that plaintiff has failed to state a cause of action for disability discrimination because she failed to plead that she suffered an adverse employment action. As a preliminary matter, defendants state the incorrect standard to state a claim of disability discrimination under the NYCHRL as the standard they cite from *Forrest v Jewish Guild for the Blind*, states the standard for a claim brought under the New York State Human Rights Law and the claims here are asserted under the NYCHRL (3 NY3d 295 [2004]). While the standards are similar, "[u]nder the City HRL … rather than an adverse action, the plaintiff must show only that the defendant took an action that disadvantaged him or her" (*Hosking v Mem. Sloan-Kettering Cancer Ctr.*, 186 AD3d 58, 61-62 [1st Dept 2020]). Here, plaintiff has adequately plead that she was disabled, or perceived as disabled, was qualified for the position, and was denied benefits such as overtime, and promotion due to her perceived disability, a disadvantage to her. Accordingly, plaintiff's claims will not be dismissed on these grounds.

### ii. Failure to Accommodate

**152921/2024   KHURANA, JASLEEN vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 6 of 8**

[* 6]

To establish a prima facie claim for failure to accommodate under the NYCHRL, the plaintiff must show that she: (1) is a person with a disability or perceived to have a disability under the meaning of the statute; (2) an employer covered by the statute had notice of her disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations (*Abram v New York State Div. of Human Rights*, 71 AD3d 1471 [4th Dept 2010]

Here, defendant argues that they met their obligation of engaging in a cooperative dialogue regarding plaintiff's accommodation, and since an employer is not obligated to provide an employee with an unreasonable accommodation, plaintiff has failed to state a cause of action. However, at this early juncture of the litigation plaintiff has plead facts establishing a cause of action for a failure to accommodate (*see Gordon v Consol. Edison Inc.,* 190 AD3d 639 [1st Dept 2021] [holding that whether employee was reasonably accommodated was a fact issue]). Plaintiff alleges she was able to perform and did perform functions of the job on her restricted duty, and that defendants refused to allow her to continue her employment with this accommodation (NYSCEF Doc No 1 at ¶¶ 196 – 202). Accordingly, plaintiff's failure to accommodate claim will not be dismissed.

### iii.    Hostile Work Environment

"Under the NYCHRL, a plaintiff claiming a hostile work environment need only demonstrate that he or she was treated less well than other employees because of the relevant characteristic." (*Bilitch v New York City Health & Hosp. Corp.*, 194 AD3d 999, 1003 [2d Dept 2021]). Here, plaintiff has plead that she was consistently threatened with termination because of her perceived disability (NYSCEF Doc No 1 at ¶¶ 251 – 253). While defendants are correct that a plaintiff must allege more that "petty slights and trivial inconveniences" to sustain a cause for

152921/2024   KHURANA, JASLEEN vs. CITY OF NEW YORK ET AL
Motion No.  001

Page 7 of 8

7 of 8

[* 7]

hostile work environment, plaintiff has met that pleading standard by alleging that she was consistently treated less well, by being consistently denied benefits such as promotions and overtime which were offered to able-bodied employees, and was forced to endure threats of termination (*Suri v Grey Glob. Group, Inc.*, 164 AD3d 108, 118 [1st Dept 2018]; *see Sims v Trustees of Columbia Univ*., 168 AD3d 622, 623 [1st Dept 2019] [Plaintiff properly plead hostile work environment claim by pleading that supervisor told him "he was 'too old for the job,' that he worked like he 'just came back from surgery,' and that he had 'too many worker's comp cases and . . . should resign'"]). Accordingly, plaintiff's hostile work environment claims will not be dismissed.

Based on the foregoing it is,

ORDERED that plaintiff's motion for a default judgment is denied; and it is further

ORDERED that defendants' cross-motion to dismiss the complaint is denied; and it is further

ORDERED that defendants shall serve an answer to the complaint within twenty days of entry of this order; and it is further

ORDERED that the parties are directed to attend a preliminary discovery conference on June 26th, 2025 at 9:30 a.m.

20250410164258PGOETZF8FC4716DBC74B35979DDC993F905561

| 4/10/2025 | |
|---|---|
| **DATE** | **PAUL A. GOETZ, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152921/2024   KHURANA, JASLEEN vs. CITY OF NEW YORK ET AL**                                      **Page 8 of 8**
**Motion No.  001**

8 of 8