Moye v Mount Sinai Hosp.

2026 NY Slip Op 02374

April 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Ronald Moye et al., Respondents-Appellants,

v

The Mount Sinai Hospital, et al., Appellants-Respondents.

Decided and Entered: April 21, 2026

Index No. 156584/21|Appeal No. 6424|Case No. 2025-03598|

Before: Renwick, P.J., Friedman, Gesmer, Hagler, JJ.

Akerman LLP, New York (Brittany A. Buccellato of counsel), for appellants-respondents.

Morgan & Morgan, P.A., New York (Bryan Arbeit of counsel), for respondents-appellants.

[*1]

Order, Supreme Court, New York County (Richard G. Latin, J.), entered May 23, 2025, which, to the extent appealed from as limited by the briefs, granted so much of defendants' motion as sought summary judgment dismissing plaintiffs' claims under the New York State Human Rights Law (State HRL) and New York City Human Rights Law (City HRL) alleging that defendant Mount Sinai Hospital discriminated against them based on their religion, as well as all claims by plaintiff Brian Jones; denied so much of defendants' motion as sought dismissal of plaintiffs' claims for failure to accommodate under the State and City HRLs and failure to engage in a cooperative dialogue under the City HRL; and denied plaintiffs' cross-motion for summary judgment on their claims for failure to accommodate and failure to engage in a cooperative dialogue, unanimously modified, on the law, to deny defendants' motion insofar as it sought to dismiss Jones's claims for failure to accommodate and failure to engage in a cooperative dialogue and to reinstate those claims, and otherwise affirmed, without costs.

Plaintiffs, who are practicing Muslims and wear beards as part of their faith, were day-shift maintenance workers at Mount Sinai in the Building Services Department. In February 2021, the hospital required all Building Services personnel to pass a fit test for N-95 respirators and instructed plaintiffs to shave their beards in order to achieve a proper seal (see 29 CFR § 1910.134[g][1][i][A]). Plaintiffs refused, citing their religious beliefs, and were sent home, suspended, and threatened with termination. Defendants offered plaintiffs alternative positions that were in a different department in the hospital and did not require the use of N-95 respirators. Plaintiffs Ronald Moye and Christopher Shaw declined evening shift positions, and the hospital treated their refusals to accept different positions as resignations. Jones accepted a day shift position as a food preparer but stopped coming to work five months later and was terminated for job abandonment.

[*2]

Supreme Court properly dismissed plaintiffs' claim that defendants selectively enforced the fit test policy against them based on their religion. Defendants submitted evidence that plaintiffs were required to pass the fit test for the legitimate, nondiscriminatory reason that any Building Services employee could be called upon to clean a COVID-positive patient room, and, if they "were not able to safely wear an N[-]95, they would put themselves and others at risk." In response, plaintiffs failed to raise a genuine issue of fact as to whether defendants' reason was pretextual or whether discrimination was a motivating factor for the fit tests (see Hamburg v New York Univ. Sch. of Medicine, 155 AD3d 66, 73 & n 7 [1st Dept 2017]). Plaintiffs do not dispute that all Building Services personnel were required to pass the fit test. Therefore, the record presents no evidence that plaintiffs were treated differently from similarly situated, non-Muslim employees (see Tihan v Apollo Mgmt. Holdings, L.P., 201 AD3d 557, 558 [1st Dept 2022], lv denied 38 NY3d 913 [2022]).

As proof of discriminatory animus, plaintiffs rely on statements made in the context of the accommodation discussion by defendant Jeffrey Cohen, Mount Sinai's Vice President of Labor Relations, in which he showed skepticism about plaintiffs' religious accommodation requests. Those comments, however, do not show that the hospital's enforcement of the fit test policy was motivated by discriminatory animus, as Cohen did not play any role in deciding which employees were required to pass fit tests for N-95s. Plaintiffs therefore fail to establish a nexus between the remark and the challenged employment decision (Godbolt v Verizon N.Y Inc., 115 AD3d 493, 494 [1st Dept 2014], lv denied 24 NY3d 901 [2014]).

Supreme Court also properly denied summary judgment for all parties on Moye's and Shaw's claims for failure to accommodate plaintiffs' religious observance (see Executive Law § 296[10][a]; Administrative Code of City of NY § 8-107[3]). Plaintiffs introduced sufficient evidence to create an issue of fact as to whether it would have been feasible for defendants to permit plaintiffs to stay in their existing jobs without N-95s while avoiding COVID-positive areas, or to permit them to wait 30 minutes to enter a COVID-positive area. The evidence showed that plaintiffs only rarely were called upon to clean COVID-positive areas and carried out their responsibilities wearing only surgical masks until February 2021 (see Friedman v Bloomberg, L.P., 230 AD3d 1060, 1061 [1st Dept 2024]).

[*3]

Defendants further failed to satisfy their burden of showing that accommodating plaintiffs in their current positions would cause such "significant expense or difficulty[,] including a significant interference with the safe or efficient operation of the workplace" as to constitute an undue hardship under the State and City HRLs (Executive Law § 296[10][d]; Administrative Code § 8-107[3][b] [internal punctuation omitted]). The record suggests that only six Building Services employees requested relief from the fit-test requirement (cf. Matter of Lebowitz v Board of Educ. of City Sch. Dist. of the City of N.Y., 220 AD3d 537, 537 [1st Dept 2023] [agency rationally concluded that employer showed undue hardship where "more than 3,300 . . . employees had requested religious exemptions"], lv denied 41 NY3d 987 [2024]).

For their part, plaintiffs failed to foreclose all possible issues of fact as to whether it would have constituted an undue hardship to accommodate Moye and Shaw in any way other than transfer to another department. Defendants submitted evidence showing that about 50 percent of the hospital was occupied by COVID-positive patients in February 2021, that Building Services had to be able to call upon any personnel to clean a COVID-positive area in the event that there were staff shortages, and that the hospital did not have enough powered air-purifying respirators (PAPRs) for everyone. This evidence is sufficient to defeat summary judgment.

Similarly, Supreme Court properly concluded that issues of fact precluded summary judgment for any party on Moye's and Shaw's cooperative dialogue claims (see Administrative Code § 8-107[28][a][1]). As of February 1, 2021, defendants were aware that plaintiffs refused to shave their beards because of their religious beliefs. This knowledge "triggered a duty to engage" in the interactive process (Friedman, 230 AD3d at 1061). Yet by February 7, defendants maintained that "anyone who doesn't work for one week for failing to shave will be terminated." Defendants then suspended plaintiffs with instructions to "report back to work, shaved and able to pass a fit test, or you will be terminated." Cohen internally expressed skepticism about the sincerity of plaintiffs' need. When asked by plaintiffs' union representative whether accommodating a few employees in their current positions would be an undue hardship, Cohen stated, "No, no, no. Stop. We're not doing that . . .that's not how you run . . .a hospital." The record therefore presents issues of fact as to whether defendants cut the dialogue process short and refused to consider accommodating plaintiffs in their current positions (Gordon v Consolidated Edison Inc., 190 AD3d 639, 640-641 [1st Dept 2021]).

[*4]

Plaintiffs were given to understand that they could violate their religious tenets by shaving or accept one of at most two transfer options they were offered, and that if they rejected these options the hospital would "consider[] their non-acceptance of the positions offered . . . as their resignation." A reasonable jury could find that this process, under the specter of forced resignation, did not amount to a cooperative dialogue (see Hosking v Memorial Sloan-Kettering Cancer Ctr., 186 AD3d 58, 64 [1st Dept 2020]).

Defendants nevertheless submitted sufficient evidence to defeat plaintiffs' motion for summary judgment. Defendants held a virtual meeting with plaintiffs and their union representative about the possibility of accommodation, discussed internally whether plaintiffs could be isolated to non-COVID areas or given PAPRs, and moved quickly to find plaintiffs alternative positions within the hospital.

The same issues of fact required denial of defendants' motion as to Jones's claims for failure to accommodate and failure to engage in a cooperative dialogue. The only distinction between Jones and the other plaintiffs is that Jones temporarily accepted the transfer offer before abandoning his job. Acceptance of an accommodation as the only alternative to forced resignation does not categorically preclude an employee from

claiming that the accommodation was not reasonable or that no cooperative dialogue was provided under the State and City HRLs.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 21, 2026